**UNITED STATES of America, Appellee,**

v.

**Farid ALI, Defendant–Appellant.**

**No. 1720, Docket 94–1600.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 23, 1996.

Decided May 22, 1996.

Before KEARSE, ALTIMARI and PARKER, Circuit Judges.

PARKER, Circuit Judge.

This panel first issued an opinion in this matter on October 23, 1995. The government petitioned for rehearing and we amended the opinion, prior to publication, upon consideration of that petition. *United States v. Ali*, 68 F.3d 1468 (2d Cir.1995). Ali has petitioned for rehearing, as is his right pursuant to Rule 40 of the Federal Rules of Appellate Procedure.

The central issue in this case is whether Ali was in custody such that *Miranda* warnings were required when he was interrogated by law enforcement officials. We previously remanded for reconsideration of that issue. 68 F.3d at 1473. Statements Ali made during this interrogation were used against him at trial.

In his petition for rehearing, Ali argues that the Supreme Court's recent opinion in *Thompson v. Keohane*, —— U.S. ——, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995), requires this court to review the district court's custody determination de novo and that remand for reconsideration was thus unnecessary. At our request, the government filed a response to Ali's petition. As explained briefly below, we agree with Ali that remand is unnecessary under the circumstances of this case—where there is an abundance of undisputed facts regarding the circumstances surrounding Ali's interrogation—and in light of *Thompson*'s direction that we review custody determinations independently, *see* —— U.S. at ——, 116 S.Ct. at 465. We now order that Ali's conviction be vacated and the case remanded for a new trial.

 We have already articulated the test for determining whether a suspect is in custody and is thus entitled to *Miranda* warnings. A person is in custody for purposes of *Miranda* if "a reasonable person in [the suspect's] shoes would [not] have felt free to leave under the circumstances." 68 F.3d at 1473. "An accused is in 'custody' when, in the absence of an actual arrest, law enforcement officials act or speak in a manner that conveys the message that they would not permit the accused to leave." *Id.* at 1472 (citation omitted). *See also Thompson*, —— U.S. at ——, 116 S.Ct. at 466.

 The facts of this case are discussed in greater detail in our previous published opinion and we incorporate that portion of the previous opinion by reference. *See* 68 F.3d at 1470–71. Most relevant to our decision here is the following passage describing the events immediately before Ali's interrogation: "Ali was asked to step away from the boarding area, his travel documents were

removed, and he was surrounded by seven officers with visible handguns." *Id.* at 1473. Furthermore, two of the law enforcement officials testified that they would not have allowed Ali to leave had he tried. *Id.* at 1471. Given these facts, we hold that a reasonable person in Ali's shoes would not have felt free to leave. Ali was thus in custody, and *Miranda* warnings should have been given. They were not.

Because statements made during this interrogation were used against Ali during trial, we vacate his conviction and remand for a new trial consistent with this opinion and with parts two, three, and four of the previous opinion, 68 F.3d at 1473–75.

So ordered.