UNITED STATES of America,
Plaintiff,

v.

Ralph L. LOPEZ, Defendant.

No. 99 CR. 294 (DLC).

United States District Court,
S.D. New York.

Sept. 7, 1999.

Mary Jo White, United States Attorney, Stephanos Bibas, Vernon Broderick, Assistant United States Attorneys, New York City, for U.S.

Leonard F. Joy, Attorney-in-Charge, Cary Bricker, Associate Attorney, Legal Aid Society, Federal Defender Division, New York City, for defendant.

*OPINION and ORDER*

COTE, District Judge.

The parties have provided me with additional briefing on the remaining question from the suppression hearing, that is,

whether the defendant was in custody for purposes of *Miranda* when he was on the train platform, where he was asked a short series of questions by the officers. I have already found that the defendant was subject to a *Terry* stop when he was asked to step out onto the platform. I have also found that the defendant was in custody when he was asked by the officers to accompany them from the platform to their offices.

■ A person is in custody and entitled to *Miranda* warnings when "a reasonable person in the suspect's shoes would not have felt free to leave under the circumstances." *United States v. Ali*, 86 F.3d 275, 276 (2d Cir.1996) (internal quotation omitted). *See also Tankleff v. Senkowski*, 135 F.3d 235, 243 (2d Cir.1998) (custody exists when a reasonable person would " 'have felt he or she was not at liberty to terminate the interrogation and leave.' ") (quoting *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). The prophylactic rule of *Miranda* protects suspects from the " 'inherently compelling pressures' " on persons interrogated during " 'in-custody interrogations.' " *Thompson*, 516 U.S. at 107, 116 S.Ct. 457 (quoting *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). *See also Tankleff*, 135 F.3d at 242 (describing the "presumptively coercive environment of police custody"). Assessment of whether custody has occurred requires a consideration of all the circumstances surrounding the interrogation. *Thompson*, 516 U.S. at 112, 116 S.Ct. 457. Where the encounter is temporary, brief, and public, for example, it generally does not constitute custody and *Miranda* warnings are not required. *See Thompson*, 516 U.S. at 115, 116 S.Ct. 457 (citing *Berkemer v. McCarty*, 468 U.S. 420, 436–39, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)).

■ The purposes underlying the *Miranda* rule are not implicated in the *Terry* stop encounter on the platform between the officers and Lopez. When the officers asked Lopez to step off the train and answer a few questions, a reasonable person might very well have anticipated an encounter that would be both temporary and brief. It was certainly an encounter conducted in public. The officers asked simple questions, providing Lopez an opportunity to explain why he was carrying a knife longer than the legal length. While there were three uniformed officers involved in the stop, none of them had their guns drawn, raised their voices, or made any threatening gesture. The reason for the inquiry would have been readily apparent and would have seemed appropriate to any reasonable person carrying an exposed knife. Only after Lopez produced a second knife in response to the officers' questions, did the officers ask Lopez to accompany them to their offices—the point at which I find a reasonable person would no longer have felt at liberty to terminate the interrogation and leave.

■ Had I found that Lopez was in custody during this period on the platform, I would not have accepted the Government's alternative argument that the questions the officers asked of Lopez fell within the pedigree exception to the *Miranda* doctrine. "[S]olicitation of information concerning a person's identity and background does not amount to custodial interrogation prohibited by *Miranda*" *United States v. Adegbite*, 846 F.2d 834, 838 (2d Cir.1988). Accordingly, "pedigree information" may be solicited before *Miranda* warnings are given. *Id.* Information provided in response to " 'routine questions ... ordinarily innocent of any investigative purpose' " that are asked for administrative purposes, such as, to facilitate the booking and arraignment of the defendant, is considered such pedigree information. *United States v. Carmona*, 873 F.2d 569, 573 (2d Cir.1989) (quoting *United States v. Gotchis*, 803 F.2d 74, 79 (2d Cir.1986)). Pedigree information may include, for example, the suspect's name, address, height, weight, eye color, date of birth, and age, *Pennsylvania v. Muniz*, 496 U.S. 582, 600,

110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), marital status, *United States ex rel Hines v. LaVallee*, 521 F.2d 1109, 1113 n. 2 (2d Cir.1975), and employment, *United States v. Gotchis*, 803 F.2d 74, 79 (2d Cir.1986).

■ If questions are designed to elicit incriminating information, however, they are not exempt from the Miranda doctrine merely because they are asked during the booking process. *Muniz*, 496 U.S. at 602 n. 14, 110 S.Ct. 2638. Critical to the inquiry is whether the officer questioning the suspect should have known that his questioning was "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Applying these principles, routine questions about employment after an arrest on drug charges have been permitted even though the defendant's statement that he had been unemployed supported the inference that he intended to sell drugs. *See, e.g., Gotchis*, 803 F.2d at 79. Similarly, questions regarding marital status and the number of children were accepted as pedigree questions even though the defendant's statements helped to identify him as a rapist. *Hines*, 521 F.2d at 1113.

■ While it is true that the inquiry on the platform included in effect a question about Lopez's employment, to wit, are you in the military, I do not find that it is appropriately categorized as an inquiry falling within the pedigree exception. The question was not a routine question asked for administrative purposes, but instead an investigative inquiry designed to determine whether the suspect's conduct—carrying an exposed knife while dressed in combat boots and military camouflage clothing—was incriminating.

## Conclusion

The motion to suppress the defendant's statements during the interrogation on the train platform for failure to administer *Miranda* warnings is denied.

SO ORDERED.