**UNITED STATES of America, Appellant,**

v.

**AMREP CORPORATION et al.,**
**Defendants-Appellees.**

**No. 529, Docket 76–1478.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1976.
Decided Nov. 1, 1976.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., New York City (Patricia M. Hynes, Alan R. Kaufman, Michael Devorkin, Asst. U.S. Atty., John F. Kaley, Sp. Asst. U.S. Atty., Lawrence B. Pedowitz, Asst. U.S. Atty., New York City, on the brief), for appellant.

Stanley S. Arkin, New York City and Peter E. Fleming Jr., New York City, for appellees.

Before LUMBARD, VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

This appeal is taken pursuant to 18 U.S.C. § 3731, which permits pretrial appeals by the Government:

1. From a decision or order of a district court dismissing an indictment as to any one or more counts;

2. From a decision or order of a district court suppressing or excluding evidence.

Section 3731 provides that its provisions shall be liberally construed to effectuate its purposes.[1] See *United States v. Flores*, 538 F.2d 939 (2d Cir. 1976).

The matter came before this court on October 29, 1976 on the expedited hearing of a motion to stay the trial scheduled to commence on November 3, 1976, until the expedited hearing of the appeal on the merits. During oral argument, the parties agreed that the issues should be presently determined on the merits in order that the trial might proceed as scheduled.

The original indictment herein charged the defendants in 70 counts with violation of the mail fraud statute, 18 U.S.C. § 1341, and in 10 counts with violations of the fraud provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1703(a). The District Judge concluded

---

* Sitting by designation.

1. Under 18 U.S.C. § 3731 the government must certify to the trial court that the evidence excluded is substantial proof of facts material to the charges and that appeal is not for purposes of delay. At a conference on October 22, the government informed Judge Metzner of its intention to appeal some of his evidentiary rulings due to the importance of the matters being excluded. This notification to the trial judge and defense counsel, recorded in the minutes of the conference, fulfilled all the requirements of timely certification under § 3731.

that this indictment contained many unnecessary factual allegations and ordered that they be deleted.

Accordingly, on July 13, 1976, a superseding indictment was filed substantially eliminating much of the evidentiary detail. However, the substance of the 80 counts was realleged. The District Court felt that the trial would be unduly prolonged if the prosecution called the 70 allegedly defrauded witnesses required to prove the 70 counts of mail fraud and directed the prosecutor to select 20 of them for production at the trial. Over objection, the Government designated the names of 20 allegedly victimized purchasers, and the court then dismissed the remaining 50 counts of mail fraud.

While we are most sympathetic with the desire of the District Judge to reduce the pending trial to manageable proportions, we think that the procedure which he followed was improper. The Government has indicated its willingness to limit its proof to 20 counts but argues strongly that it should not be required to make the choice of counts in advance of trial. Should witnesses prove unavailable, incompetent or inadequate as to any of these pre-selected counts, the charges against particular defendants and various facets of the case could be undermined by the resulting lack of proof.

█ We think the District Court should have refrained from dismissing 50 counts until the prosecution had put in its case on 20 counts for which proof was available.[2]

The District Court has also ruled that it would not receive any evidence as to the following evidentiary matters alleged in paragraph 18(g) in the original indictment but deleted from the superseding indictment:

(ii) the defendants and co-schemers would and did plan and devise their sales campaigns and dinner presentations in order to exploit any lack of financial sophistication and knowledge on the part of the persons to be de-

frauded concerning the making of reasonably secure financial investments;

(vi) the defendants and co-schemers would and did cause their salesmen to distribute "Confidential Surveys" at the beginning of the sales dinners which were designed to elicit information from the persons to be defrauded as to the maximum amount of money they could "invest" and which were further intended and designed to encourage the persons to be defrauded to remove moneys already invested in mutual funds, stocks, insurance and savings and to reinvest these funds in the purchase of lots at Rio Rancho Estates in order to provide the persons to be defrauded with financial security for their retirement, and for other purposes;

(xi) the defendants and co-schemers would and did cause their salesmen to create a false impression of general agreement among everyone attending the dinner as to the immediate desirability of purchasing lots at Rio Rancho Estates by training the salesmen to jump up and loudly and conspicuously to call "holds" on particular lots in order to falsely suggest that many sales were being made;

(xxiii) the defendant and co-schemers would and did cause their salesmen to prevent potential customers from removing any purchase contracts, reports, or promotional material from the room where the sales dinner was held unless a sale had already been made to the purchaser;

(xxix) the defendants and co-schemers would and did design and devise and cause letters and promotional material to be sent to the persons to be defrauded who purchased lots in order to induce them to continue to make payments on their lots and to purchase additional lots and to lull them into a

2. While it is not clear whether the district court's rulings were intended to exclude all testimony from all victims other than the twenty selected by the United States Attorney, we

see no reason to exclude the testimony of any such victims which relates to the manner in which the alleged scheme to defraud was conducted.

false sense of security by advising them, among other things, that their "investment" was rapidly increasing in value;

We think this was error.

■ The gravamen of the charges against the defendants was the existence of a scheme to defraud. The use of the mails in connection with this scheme brings it within the purview of 18 U.S.C. § 1341 and 15 U.S.C. § 1703(a) and gives the federal courts jurisdiction over the alleged offenses. *Bogy v. United States*, 96 F.2d 734, 740 (6th Cir.), *cert. denied*, 305 U.S. 608, 59 S.Ct. 68, 83 L.Ed. 387 (1938); *Pereira v. United States*, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954). Any proof, properly connected to the defendants, which establishes the manner in which the fraudulent scheme was carried into execution and the intent of the parties in relation thereto is properly admissible. This would generally include promotional literature and correspondence, the sales pitch, the contracts entered into, the failure of performance, the making of complaints and the sending of so called "lulling" letters. *United States v. Cohen*, 516 F.2d 1358, 1366 (8th Cir. 1975); *Beck v. United States*, 305 F.2d 595, 600–602 (10th Cir.), *cert. denied*, 371 U.S. 890, 83 S.Ct. 186, 9 L.Ed.2d 123 (1962); *Reistroffer v. United States*, 258 F.2d 379, 388 (8th Cir. 1958), *cert. denied*, 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301 (1959). *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir. 1969), relied upon by appellees, does not hold to the contrary.

■ We think that the so-called "confidential survey," the lulling letter marked Ex 146j. and the sales pitch practices involving "holds" and retention of papers fall clearly within the above categories. We hold that proof falling generally within the areas we have outlined above is admissible for the purpose of establishing that the defendants devised or intended to devise a scheme or artifice to defraud or to obtain

money by false or fraudulent pretenses or representations, in violation of 18 U.S.C. § 1341 and 15 U.S.C. § 1703, or engaged in any transaction, practice or course of business which operated as a fraud or deceit upon purchasers, as proscribed by the latter section. Relevant evidence should be admitted and not excluded. It makes no difference whether such evidence is particularized in the indictment; the fact that it is no longer detailed in the superseding indictment on which the defendants are to be tried does not render it inadmissible. We therefore reverse the order of the District Court which generally excludes testimony as outlined in the several above quoted paragraphs of the original indictment.

■ The government also asks us to rule on the admissibility of portions of the grand jury testimony of the defendant Friend which have been excluded by the District Judge [3] on the ground that they are inadmissible under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). After reviewing the testimony in question, we see no reason for its exclusion. The evidence is not so clearly inculpatory as to any of the co-defendants that it cannot be admitted against Friend subject to a cautionary instruction that adequately protects these other defendants. *United States v. Wingate*, 520 F.2d 309, 311 (2d Cir. 1975). On the other hand the evidence would seem to be substantial proof of material facts as to the charges against Friend since it indicates his awareness of the absence of a resale market for the properties involved.

Accordingly, the orders of the district court, complained of by the United States Attorney, are reversed.

BONSAL, District Judge (dissenting):

I respectfully dissent.

As stated in the majority opinion, the original indictment, on which the defend-

---

**3.** The items, all of which were the subject of exclusionary rulings by the district court at the pre-trial hearings, appear in Friend's grand jury testimony of July 24, and September 4, 9 and

11, 1975 at the pages indicated in the folder filed with this court upon the argument of the appeal.

ants were arraigned on November 10, 1975, charged them with 70 counts of mail fraud (18 U.S.C. § 1341) and 10 counts of violations of the Interstate Land Sales Full Disclosure Act (15 U.S.C. § 1703(a)). The original indictment, concededly confusing and prolix, was 42 pages long and contained 110 specifications in 29 different categories of alleged misrepresentations and fraudulent selling practices.

Following pretrial conferences in May, June and July 1976, the District Judge was of the opinion that the indictment contained many unnecessary allegations. In an effort to reduce the trial to manageable proportions by limiting the proof to be presented to the jury, the District Judge suggested that a number of factual allegations be deleted from the indictment.

On July 13, 1976, the Government obtained a superseding indictment of 26 pages which eliminated much of the evidentiary detail. At a pretrial conference held on the same day, the Government maintained that the superseding indictment did not eliminate any of the proof that would have been offered under the original indictment. After reviewing the superseding indictment, the District Judge was of the opinion that ". . . all of the matter alleged under the original indictment appears in the superseding indictment except five specifications." *United States v. Amrep Corp., et al.,* S 76 Cr. 644 (Opinion of Judge Metzner dated October 27, 1976 at page 3). Since the Government was unable to indicate any allegation in the superseding indictment which would support these specifications, the District Court ruled that it would ". . . not take any proof on the following paragraphs which appear in the original indictment and which the government still maintains it will use on the trial of the superseding indictment." *Id.*

While the Government argues that the excluded evidentiary items will be relevant to the proof of a scheme to defraud, such a decision lies within the sound discretion of the trial judge and should not be disturbed on appeal absent a clear showing that ". . . the evidence is a substantial proof of a fact

material in the proceeding." 18 U.S.C. § 3731.

Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed.Rules Evid. Rule 403. Here, the District Judge stated:

"In this court's opinion, with its detailed knowledge of the case, the government will not be hampered or prejudiced in its presentation of the case. However, these rulings will aid in narrowing the issues, the scope of proof and the comprehensibility for the court and jury." *United States v. Amrep Corp., supra* at 4.

In the balancing of factors required by Rule 403, the trial judge has wide discretion and the ruling that he makes should not be disturbed unless the discretion has been clearly abused. *United States v. Dwyer,* 2 Cir., 539 F.2d 924 (1976); *United States v. Cowsen,* 530 F.2d 734 (7th Cir.), *cert. denied,* 426 U.S. 906, 96 S.Ct. 2227, 48 L.Ed.2d 831 (1976); *United States v. Wixom,* 529 F.2d 217 (8th Cir. 1976).

I would not interfere with the District Judge's determination excluding certain portions of Friend's Grand Jury testimony under the doctrine of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). It is not apparent to me why the excluded portions are sufficiently vital to the Government to warrant review. Moreover, if received, the jury would have to be instructed that the evidence could only be considered with respect to Friend and not with respect to the other defendants, injecting an element of possible confusion.

Here, the District Judge has conducted numerous pretrial conferences in an effort to reduce a complex indictment to a manageable size for trial. The District Judge is intimately familiar with the facts of the case, and there is no evidence that he has abused his discretion in these pretrial rulings, nor in his ruling that the Government

select 20 mail fraud counts which would be tried.

Accordingly, I would deny a review of the District Court's orders.