**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Callie MOBLEY and Jimmie Mobley,**
**Defendants–Appellees.**

**No. 99–1621.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 10, 1999.

Decided Sept. 30, 1999.

Norman R. Smith (argued), W. Charles Grace, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for United States of America.

J. William Lucco, Lucco, Brown & Mudge, Edwardsville, IL; Joseph R. Brown (argued), Edwardsville, IL, for Callie Mobley.

Joseph R. Brown (argued), Edwardsville, IL; John J. O'Gara, Jr., Belleville, IL, for Jimmie Mobley.

Before POSNER, Chief Judge, and EASTERBROOK and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Three weeks before trial was scheduled to get under way, defendants Callie Mobley and Jimmie Mobley filed a motion to strike what they called "surplusage" in the indictment charging them with conspiring to steal from the Village of Alorton, Illinois. Callie Mobley was Alorton's Mayor, and Jimmie Mobley (her husband) the Village's Street Superintendent. According to the indictment, for several years Callie received more than double the salary to which she was entitled, and Jimmie had Village employees perform extensive remodeling work on the couple's residence and rental properties. The affair is of federal concern because the Village gets more than $10,000 annually in federal grants. See 18 U.S.C. § 666; *United States v. Grossi*, 143 F.3d 348 (7th Cir. 1998). The indictment alleged that the conspiracy began in January 1990 and lasted until December 1997.

On March 1, 1999, the day set for trial, the district judge expunged many paragraphs from the indictment. The prosecutor's appeal concerns only ¶ 23, which details the salary to which Callie Mobley was entitled, the payments she received, and the use of a backdated document to hoodwink the Village's paymaster into using an improperly high rate. The district judge, who deleted ¶ 23 on his own

(it was not identified in the defendants' motion), did not explain his ruling other than to say:

> Then with respect to the Paragraph 5, 7, 23, 24 and 27, as I recall those circumstances, gentlemen, they all dealt with 1990. Let me make sure I get this exactly correct, 1991 and 1992, none of which the defendant has been charged with in this case.

Apparently the judge believed that any events that occurred in 1990, 1991, or 1992 are outside the scope of the charge. But the indictment alleges that the conspiracy began in January 1990, so events during those years can be proved as overt acts. (The indictment was not filed until late 1997, but events more than five years before the charge are not barred by the statute of limitations, if the conspiracy continued into the five-year window before the indictment. *United States v. Yashar*, 166 F.3d 873, 876 (7th Cir.1999).) What is more, ¶ 23 of the indictment alleges wrongful activity during 1991, 1992, 1993, and 1994, so it could not properly be struck in its entirety even if events before 1993 were outside the scope of the conspiracy. This makes the excision of ¶ 23 inexplicable.

In another ruling, the district judge granted part of the defendants' motion *in limine*. Once again we reproduce the judge's entire discussion:

> Now, with respect to the motion in limine, I've also read all of your submissions to it. The motions in limine as to Paragraph 1 will be denied; as to Paragraph 2, will be granted; as to paragraph 3, will be granted.

At this point the Assistant United States Attorney informed the judge that he would seek the Solicitor General's permission to take an interlocutory appeal under 18 U.S.C. § 3731. The district judge expressed displeasure at the prospect, stating: "I just hate to waste the Court's time, the jury's time. They are all sitting out there. You can see them as well as I can, and I just find it difficult to sit here doing nothing, awaiting a decision from Washing-

ton." The judge proposed to commence the trial notwithstanding the prosecutor's observation that the Double Jeopardy Clause would make the appeal pointless once jeopardy attached. During a recess, however, the prosecutor obtained telephonic approval for an appeal, and the judge then sent everyone home.

■ Before taking up the merits, we offer several observations about procedure. As the district judge recognized, it is regrettable that witnesses and prospective jurors were summoned only to be dismissed. That waste stems, however, from the judge's decision to hold the motions under advisement until the last minute, not from the prosecutor's exercise of the right to appellate review. When parties make motions that could lead to appeals under § 3731, the district judge should decide as far in advance of trial as possible, so that any appeal may be taken without disrupting the lives of witnesses, potential jurors, and other persons—including the lawyers for both sides. The rulings on the morning of March 1 substantially altered the way trial would proceed. Preparation would have been thrown akilter; both sides would have had to wing it during the trial, which does not conduce to accurate outcomes. We urge district judges to rule as promptly as possible—and in any event at least a week before trial is scheduled to begin—so that responsible decisions may be made about appeals under § 3731, and both sides will have time to prepare for trial in the event the United States does not appeal.

■ Timely decision must be accompanied by careful explanation. Orders striking parts of an indictment, or excluding evidence a prosecutor plans to offer, are potentially appealable under § 3731 and therefore come within the scope of Circuit Rule 50:

> Whenever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by remanding or transferring the case, or

denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the record or by written statement. The court urges the parties to bring to this court's attention as soon as possible any failure to comply with this rule.

The district judge disregarded the first sentence of this rule, and the parties the second. Judge Riley did not hint at an explanation for granting the defendants' motion *in limine*, and he offered only a clue about the reasons underlying the deletion of ¶ 23 from the indictment. Reasons are essential to intelligent appellate review, especially with respect to the exclusion of evidence, on which the quality of the district judge's reasoning may be determinative. *United States v. Beasley*, 809 F.2d 1273, 1278–80 (7th Cir.1987). Giving reasons also contributes to intellectual discipline. Had the district judge considered and explained more fully the decision to redact the indictment, surely he would have recognized that ¶ 23 deals with acts through 1994 (not just 1992), and that the conspiracy is alleged to have begun in January 1990, not some time in 1993. The decision concerning ¶ 23 was an easily preventable gaffe. Once the decision was made, however, and the appeal taken, the parties should have brought the lack of explanation to this court's attention under the second sentence of Rule 50. We would have remanded the case to the district court last March or April, and repairs could have been made—or the judge could have informed the parties (and this court) what lay behind the decision. As it was, however, the parties' briefs were written in the dark. Because this is an interlocutory appeal, however, and because the decisions are so clearly erroneous, we shall endeavor to get this case back on track without ado.

Paragraph 23 must be reinstated, and the prosecutor must be allowed to prove its allegations as overt acts of the charged conspiracy. Defendants' only serious argument concerning ¶ 23 is that we lack appellate jurisdiction, because ¶ 23 refers to overt acts rather than a whole count, a part of a count, or even a discrete theory of criminal liability. See *United States v. Bloom*, 149 F.3d 649, 651–54 (7th Cir.1998). Because the district judge did not explain his decision, we can't tell whether he meant to delete a portion of a count, a step appealable under *Sanabria v. United States*, 437 U.S. 54, 69 n. 23, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), or instead to foreclose mention of overt acts that occurred before 1993. But if the decision really affects the proof rather than the charge, as the Mobleys now insist, then it is appealable under § 3731 ¶ 2: "An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence ... if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." Excluding mention of all overt acts committed in 1990, 1991, and 1992, as the judge evidently purposed, eliminates "substantial proof of a material fact" and thus is appealable.

As for the motion *in limine*: the judge apparently meant to prevent the prosecutor from showing that the Mobleys' spending exceeded their combined lawful income, and from showing that Callie Mobley diverted the Village's treasury to her own pocket while it lacked the funds to cover the federal payroll taxes for its other employees.

The Mobleys' expenditures are relevant for either or both of two purposes: to show that they had a motive to use Village funds and employees to meet their expenses, and to show that they had a source of unlawful income. Because the evidence is relevant, it is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. According to the Mobleys, the evidence would be unduly prejudicial because the couple devoted its extra resources to gambling, fur coats, and other extravagances, of which the jurors would take a dim view. That may be so, but we do not understand how putting the money to questionable ends can prevent the prosecutor from making an otherwise proper demonstration of motive and effect. An embezzler who spends the proceeds on a yacht or a mistress can't by that step prevent the jury from learning that his budget was out of balance. Defendants might have improved their position had they offered to concede that they spent more than their lawful income—but because they did not make such an offer, we need not decide whether it would have justified a decision to keep the details of their expenditures out of evidence. Cf. *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *Wilson v. Williams*, 182 F.3d 562 (7th Cir.1999) (en banc).

 Evidence that Callie Mobley caused the Village not to remit its payroll taxes would be excluded under Fed.R.Evid. 404(a)(1) and (b) if offered just to show that she has a propensity to commit crimes or is generally a bad person. Apparently, however, the prosecutor does not plan to use this evidence during its case in chief. The prosecutor believes that Callie Mobley will argue that the excess she received during 1991–94 was compensation earned during earlier periods, and that she had deferred accepting the money pending improvement in the Village's financial standing. If she makes such an argument, the prosecutor wants to respond (among other things) that the Village's financial standing had *not* improved, a fact demonstrated by its failure to remit federal payroll taxes on its employees' salaries. One could imagine, therefore, a ruling that the payroll-tax evidence may not be used unless Callie Mobley makes the defense we have de-

scribed. But this is not what the motion sought. Defendants asked for (and the court granted) an unconditional exclusion of the evidence, which would require the prosecutor to try the case with one arm tied behind his back: the defense could argue that the Village's financial status improved, and the most compelling contrary evidence could not be used in reply. By giving the Mobleys the unconditional exclusion they requested, the district judge abused his discretion.

The decisions under review are reversed, and the case is remanded for trial consistent with this opinion. Circuit Rule 36 will apply on remand.