In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3963

United States of America,

Plaintiff-Appellant,

v.

Anthony T. Centracchio, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 325--Robert W. Gettleman, Judge.

Submitted October 27, 2000--Decided October 27, 2000/*
Opinion January 11, 2001

 Before Posner, Easterbrook, and Manion, Circuit
Judges.

 Posner, Circuit Judge.  The government in this
pending criminal case has appealed as is its
right from an order by the district judge
excluding certain evidence that the government
wanted to present at trial. 18 U.S.C. sec. 3731.
Believing that the judge intended to go ahead and
select (though not swear in) the jury despite the
pendency of the appeal, the government has filed
a motion with this court to stay the judge's hand
till the appeal is resolved. We have granted the
motion and now explain our reasoning. As a
preliminary matter, we note with disapproval the
defendants' motion to dismiss the appeal. Section
3731 requires, in appeals authorized by the
second paragraph of the section, as this one is,
that the U.S. Attorney certify that the appeal is
substantial and not taken for purposes of delay.
The U.S. Attorney did so certify, and since the
Solicitor General must in any event approve
federal government appeals, there is no
significant danger that the appeal will be
frivolous, warranting dismissal rather than
disposition on the merits (affirmance or
reversal). Furthermore, Paragraph 2 appeals are
usually from orders suppressing or excluding
evidence, and there is no basis on which, in
advance of trial, we could determine that the
evidence that the government wished to use was so

unimportant to any rational prosecutorial strategy that the appeal was frivolous. We therefore treat as conclusive of our jurisdiction over a Paragraph 2 appeal the submission of the certification required by the statute. That is the view of this court, and of the other circuits except the Ninth. United States v. Jarrett, 133 F.3d 519, 539 (7th Cir. 1998); United States v. Comisky, 460 F.2d 1293, 1297-98 (7th Cir. 1972); United States v. Johnson, 228 F.3d 920, 923-24 (8th Cir. 2000); United States v. Kepner, 843 F.2d 755, 761 (3d Cir. 1988); contra, United States v. Loud Hawk, 628 F.2d 1139, 1150 (9th Cir. 1979) (en banc); United States v. Adrian, 978 F.2d 486, 490 (9th Cir. 1992); United States v. Poulsen, 41 F.3d 1330, 1333-34 (9th Cir. 1994).

The government argues that the filing of a notice of appeal automatically divests the trial court of jurisdiction over the case, but this is overbroad. As we explained in United States v. Ienco, 126 F.3d 1016, 1018 (7th Cir. 1997), "the general rule, and it is applicable to appeals under section 3731, is that an appeal transfers jurisdiction from the district court to the court of appeals, so that the two courts will not be stepping on each other's toes. (For the general rule, see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 401-02, 74 L.Ed.2d 225 (1982) (per curiam), and for its application to appeals under section 3731 see United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995).) There are exceptions, however, for situations in which the danger of such a collision is remote, as when the only issue for decision in the trial court is a motion for attorneys' fees. For a list of examples see Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995). Since the right to appeal conferred by section 3731 is pinpointed on particular evidentiary rulings, there will be many cases in which the taking of the appeal will not require the district court to relinquish jurisdiction; that court will be able to continue getting the case ready for trial." See also Apostol v. Gallion, 870 F.2d 1335, 1337-38 (7th Cir. 1989).

Section 3731 requires the government, in appeals based on the second paragraph of the section (appeals from orders "suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding"), to file the notice of appeal before jeopardy attaches to the defendant. In a jury trial that occurs when the jury is sworn; and courts have ruled that the filing of the notice of appeal bars the district court from proceeding to the swearing in of the jury, lest by doing so the court make it difficult for the government to obtain relief

(for example, that the trial start over again with the evidence whose exclusion had been challenged by the appeal). E.g., United States v. Brooks, 145 F.3d 446, 453-54 (1st Cir. 1998); United States v. Tovar-Rico, supra, 61 F.3d at 1532; United States v. Mavrokordatos, 933 F.2d 843, 846 (10th Cir. 1991). The district judge in this case said that he would not swear in the jury, merely empanel it, and so the concern about double jeopardy that troubled the courts in the cases that we have just cited is not engaged. But empaneling the jury is not the kind of pretrial preparation that should be permitted to go forward while the government's appeal from an evidentiary ruling is pending in the court of appeals. The decision of such an appeal can take months--in fact is bound to take months from the filing of the notice of appeal to the final decision by the court of appeals. During that time the jurors will be in a kind of limbo. It will be difficult for them to plan their affairs, and the risk of jury tampering will rise as potential tamperers will have months in which to make approaches to individual jurors. See United States v. Mobley, 193 F.3d 492, 494 (7th Cir. 1999). We hold, therefore, in this case of first impression so far as we have been able to determine, that the filing of a notice of appeal under section 3731 precludes the district judge's empaneling the jury.

/* With notation that an explanation of our decision would follow.