**UNITED STATES of America, Appellant,**

v.

**Maryann ROMASZKO, Defendant–Appellee.**

**Docket No. 00–1580.**

United States Court of Appeals, Second Circuit.

Argued Feb. 20, 2001.

Decided June 19, 2001.

---

758

Marc Gromis, Assistant United States Attorney, Buffalo, NY, (Denise E. O'Donnell, United States Attorney, Western District of New York, Mary Ellen Kresse, Assistant United States Attorney, on the brief), for Appellant.

David R. Alderman, Alderman & Marszalkowski, P.C., Buffalo, NY, for Appellee.

Before MESKILL, PARKER, and KATZMANN, Circuit Judges.

PER CURIAM:

The government appeals from the Decision and Order of the United States District Court for the Western District of New York, rendered orally on July 5, 2000, by Judge William M. Skretny, adopting the Report and Recommendation of the Honorable Carol E. Heckman, United States Magistrate Judge, Western District of New York, which recommended granting Romaszko's motion to suppress statements.

The government argues that the district court's order should be reversed because it failed to: (1) find at what point the interview became custodial; (2) consider relevant factors for determining custody which would have required a finding that Romaszko was not in custody; and (3) properly analyze the factors it did consider. Defendant-appellee responds that this Court lacks appellate jurisdiction due to the government's failure to file timely a certificate pursuant to 18 U.S.C. § 3731. Further, defendant-appellee asserts that the suppression motion was properly granted.

## I. BACKGROUND

Maryann Romaszko was employed as a window clerk at the Niagara Square Post Office. After a loss was discovered at the post office Romaszko became a target of the investigation. On June 16, 1999, Postal Inspectors Kurt Hammer and Molly Hackimer interviewed Romaszko in the office of the station manager, Rosemary Gorman.

On October 7, 1999, a federal grand jury returned a five count indictment against Romaszko, charging her with three counts of misappropriating postal funds by converting them to her own use, in violation of 18 U.S.C. § 1711, one count of failing to remit postal funds when required to do so by Postal regulations, in violation of 18 U.S.C. § 1711, and one count of making a false statement to Postal Inspectors during the course of their investigation, in violation of 18 U.S.C. § 1001(a)(2). On November 23, 1999, Romaszko moved to suppress the statements obtained in the June 16, 1999 interview with the United States Postal Inspectors.

An evidentiary hearing was held before Magistrate Judge Heckman on January 12, January 21, and February 1, 2000. The magistrate judge concluded that the following facts and circumstances existed at the time of the interview: (1) the meeting was planned for a time when Romaszko was at work and she was directed by her boss to attend the interview; (2) Romaszko was confronted by two Postal Inspectors with badges, handcuffs and weapons, who immediately accused her of stealing money; (3) Romaszko was never told that she was free to leave this meeting; (4) a reasonable person in Romaszko's shoes would not have felt free to leave the meeting unless they wanted to suffer the economic sanction of losing their job; (5) on at least five occasions, Romaszko asked to leave or attempted to stand up and was told that she could not; (6) at one point during the meeting, the lead investigator told Romaszko, "No, you're not going anywhere"; (7) Romaszko was not advised of her *Miranda* rights; and (8) during the course of the interview, Romaszko was asked if she had taken money from the Post Office, and she stated that she had not. On the basis of this statement, Romaszko was charged with a felony under 18 U.S.C. § 1001(a)(2).

## II. DISCUSSION

### A. Appellate Jurisdiction is Proper

We turn first to the jurisdictional question. This court has appellate jurisdiction pursuant to 18 U.S.C. § 3731 to review an order of a district court suppressing evi-

dence. Section 3731 requires that the appeal in such cases shall be taken within thirty days after the decision, judgment or order has been rendered. The district court rendered a decision adopting the Magistrate Judge's Report and Recommendation on July 5, 2000. The government timely filed its notice of appeal on August 4, 2000.

Section 3731 further requires that the United States Attorney certify to the district court that an interlocutory appeal is not taken for purpose of delay and that the evidence is a substantial proof of fact material in the proceeding. The government acknowledges that prior to receipt of defendant-appellee's brief in this action, a certification in keeping with section 3731 had not been filed. On November 27, 2000, however, the United States Attorney filed a certification which complied with section 3731.

■ We hold that the late filing of the certificate does not preclude jurisdiction but does permit a court to exercise its discretion under Fed. R.App. P. 3(a) to dismiss the appeal. The purpose of the certification requirement is to ensure that the prosecutor carefully analyzed the case before deciding to appeal. *See United States v. Salisbury*, 158 F.3d 1204, 1207 (11th Cir.1998). In this case, our decision to exercise our discretion and address the merits of the appeal is justified because the Solicitor General authorized the appeal. This authorization likely ensures that the purposes of section 3731 were met. In addition, defendant-appellee does not allege any prejudice resulting from the government's failure to file timely a section 3731 certification, and there does not appear to be any prejudice resulting from the belated filing.

Additionally, this Court has liberally construed the requirements of section 3731 in the past. *See United States v. Amrep*, 545 F.2d 797, 798 n. 1 (1976) (informal oral notification to trial court and defense counsel sufficient to satisfy section 3731 certification requirements); *United States v. Flores*, 538 F.2d 939, 942–43 (2d Cir.1976) (liberally construing section 3731's time limits for filing appeal).

Therefore, we reject the contention that appellate jurisdiction is defeated by the late filing of the section 3731 certificate, and decide to exercise our discretion to consider the merits of the government's appeal.

B. Romaszko was in Custody

■ The district court's factual findings on a custody issue are reviewed for clear error, *see United States v. Kirsh*, 54 F.3d 1062, 1067 (2d Cir.1995), and its legal conclusions are reviewed *de novo, see United States v. Ali*, 86 F.3d 275, 276 (2d Cir. 1996).

■ A court evaluating whether a person is in custody for *Miranda* purposes must consider "the circumstances surrounding the interrogation; and ... given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995); *see also Tankleff v. Senkowski*, 135 F.3d 235, 243 (2d Cir.1998).

■ We address the government's arguments in order. First, the district court articulated circumstances that occurred at the very start of the interview which established that a reasonable person in defendant's shoes would not have felt that she was at liberty to terminate the interview and leave. Furthermore, the district court expressly found 'that the postal inspectors acted in a manner which conveyed the message that they would not have permitted defendant to leave *at any time during the interview*.' (Emphasis added)

Clearly, the court concluded that the interview was custodial from its inception.

Second, the government cites no case that requires the court to consider all of the factors listed by the government. The court must consider factors relevant to "how a reasonable [person] in the suspect's position would have understood [the] situation," which is precisely what the district court did. *Tankleff,* 135 F.3d at 243 (quotation marks omitted).

Finally, the district court's findings were not clearly erroneous. The defendant was ordered into a room and told on at least five occasions she could not leave.

## III. CONCLUSION

For the reasons set forth above, the Decision and Order of the district court is AFFIRMED.