UNITED STATES of America,
Appellee,

v.

Ronald CERRETA, Defendant–
Appellant.

Docket No. 02–1527.

United States Court of Appeals,
Second Circuit.

May 15, 2003.

Andrew B. Bowman, Westport, CT, for Defendant–Appellant.

James J. Finnerty, Assistant United States Attorney, District of Connecticut (Kevin J. O'Connor, United States Attorney, Jeffrey A. Mayer, Assistant United States Attorney, on the brief), New Haven, CT, for Appellee.

Present: VAN GRAAFEILAND, MINER, and POOLER, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of May, two thousand and three.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Ronald Cerreta appeals from the September 3, 2002, judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), sentencing him to thirty months imprisonment, three years of supervised release, a $6,000 fine, and a special assessment of $100, after his conditional guilty plea to a charge of knowingly receiving material containing child pornography in violation of 18 U.S.C. § 2252A(a)(2). The plea agreement reserved defendant's right to appeal the court's ruling denying his motion to suppress statements and evidence recovered during the course of the execution of search and arrest warrants relating to an investigation into alleged intellectual property theft activities of defendant's 27–year–old son, Christopher Cerreta. On February 6, 2002, the district court held an evidentiary hearing on defendant's motion to suppress. The court heard testimony from Agent David Conboy and Special Agent Craig Bowling of the United States Customs Service. These two agents conducted the interview with Cerreta. During that interview, which took place in the master bedroom of the home, most of the questioning involved the intellectual property theft investigation. However, Agent Conboy, who knew about a prior investigation of Cerreta for child pornography possession, also asked defendant some questions about child pornography. The defendant made incriminating statements in response to those questions. At the suppression hearing, Agent Conboy also testified to the circumstances in which he obtained from Cerreta the consent forms which allowed the agents to take Cerreta's computer. At the conclusion of the hearing, the district court denied the motion to suppress.

On appeal, defendant argues that the district court applied the wrong legal standard for determining custody for Miranda purposes when it compared the interrogation of defendant to a *Terry* stop. He concludes that application of the proper legal standard leads to a determination that Cerreta was in custody. Defendant also contends that his consent to the search of his computer was involuntary and the fruit of the unconstitutional interrogation. Finally, Cerreta claims that by conducting the interrogation during the

execution of the unrelated search warrant, the agents intended to circumvent the probable cause requirement and to question defendant in a coercive atmosphere.

■ We review the district court's factual findings on a custody issue for clear error, and its legal conclusions *de novo*. *United States v. Romaszko*, 253 F.3d 757, 760 (2d Cir.2001) (*per curiam*). Cerreta's allegation that the district court applied the incorrect legal standard is without merit. It is true that we have held that a *Terry* analysis cannot excuse the failure to give *Miranda* warnings and that *Terry* is irrelevant to the *Miranda* analysis. *United States v. Ali*, 68 F.3d 1468, 1473 (2d Cir.1996) (citing *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). However, the transcript of the suppression hearing does not support defendant's claim that the district court applied the improper legal standard. The district court posed a hypothetical question comparing the interrogation to a *Terry* stop, but this reference was only one brief statement among many made by the district court in exploring the issues with counsel. At the time of its ruling, the district court correctly noted that it was "required to look at the totality of the circumstances to determine whether or not the defendant was objectively, from an objective point of view considered that he had restrictions placed on him sufficient to constitute custody." The court concluded that "all [issues] point essentially in one direction," and explained that the defendants were legitimately on the premises; that no weapons were displayed; that no search or frisk was conducted; that the defendant was informed that he did not have to answer questions, that he was not under arrest, and that he could leave if he wanted to; that it was legitimate to separate the defendant in the bedroom with the door closed but not locked or blocked; that only two agents, not hovering over or touching the defendant, conducted the interview; that there was no evidence that defendant sought and was unable to leave prior to the end of the interrogation; that there was a cordial atmosphere during the questioning; and that the amount of time involved was not excessive. The court later reiterated, "[I]t is my finding that an objective person in the defendant's position at the time of the interrogation ... would have objectively felt free to leave and/or not to answer or respond to the requests that were made by law enforcement, and under these circumstances the Miranda right did not attach at the time of the interview." The court's factual findings are not clearly erroneous. Given these factual findings, we agree with the district court that a reasonable person would have felt that he or she was free to terminate the interrogation or to leave.

■ We also find that the district court did not commit clear error in concluding that Cerreta's consent to the seizure of his computer was voluntary. The court noted that the defendant was told he did not have to sign the consent forms. The court also noted that although Cerreta was told the officers would seek a warrant if he did not consent, that alone does not establish that the consent was the product of coercion. *See, e.g., United States v. Kon Yu-Leung*, 910 F.2d 33, 41 (2d Cir.1990).

■ We also reject Cerreta's claim that the interrogation was used as a means of circumventing the probable cause requirement. The evidence in the record does not support a finding that the search warrant for the intellectual property theft investigation was a mere pretext. Moreover, even if, as Cerreta claims, that search warrant was used "as a means and a first step to isolate Ronald Cerreta and to interrogate him with the specific purpose of having him acknowledge and admit that he was in possession of child pornography on

his computer," the subjective motives of the agents here do not affect the district court's finding that a reasonable person in Cerreta's position would have felt that he or she was free to terminate the interrogation or to leave. *See, e.g., Stansbury v. California*, 511 U.S. 318, 324–25, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (*per curiam*) (noting that an officer's subjective knowledge or beliefs do not affect the custody issue if the knowledge is not communicated to the individual being questioned).

For the reasons stated above, we affirm the judgment of the district court.