United States v. Metter

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: November 27, 2012        Decided: December 27, 2012)

Docket No. 12-2423-cr

------------------------------------

UNITED STATES OF AMERICA,

Appellant,

- v -

STEVEN MOSKOWITZ, ANDREW TEPFER, aka AVI, SEYMOUR EISENBERG, aka JIMMY, GEORGE SPERANZA, THOMAS CAVANAGH, FRANK NICOLOIS,

Defendants,

MICHAEL METTER,

Defendant-Appellee.

------------------------------------

Before:   SACK, CHIN, and LOHIER, Circuit Judges.

Defendant-appellee Michael Metter has made a motion pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27.1 to dismiss for want of appellate jurisdiction the government's appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, Judge) suppressing evidence sought to be employed in a criminal trial in which Metter is a defendant.  Metter contends that despite the U.S. Attorney's certification in accordance with 18 U.S.C. § 3731 "that the appeal is not taken for purposes of delay and that the evidence that has been ordered suppressed

constitutes substantial proof of facts material in the proceeding," the government has not in fact satisfied section 3731's requirements.  We join every circuit to have considered the issue in concluding that the U.S. Attorney's certification conclusively establishes that the evidence is a substantial proof of a material fact in satisfaction of section 3731.  We therefore deny the defendant's motion to dismiss this appeal.

Maranda E. Fritz, Hinshaw & Culbertson LLP, New York, NY, <u>for</u> <u>Defendant-Appellee</u>.

David C. James, Roger Burlingame, Nathan Reilly, for Loretta E. Lynch, United States Attorney <u>for</u> the Eastern District of New York, Brooklyn, NY, <u>for</u> <u>Appellant</u>.

PER CURIAM:

Defendant-Appellee Michael Metter moves pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27.1 to dismiss the government's interlocutory appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, <u>Judge</u>) suppressing certain evidence in connection with a criminal trial in which Metter is a defendant. He maintains that we are without jurisdiction over the appeal. We conclude that we have jurisdiction under paragraph two of 18 U.S.C. § 3731.  Metter's motion is denied.  He is directed to file a scheduling notification proposing a deadline for his brief on the merits.  <u>See</u> Local Rule 31.2.

**BACKGROUND**

On October 14, 2010, a grand jury sitting in the Eastern District of New York returned a superseding indictment against Metter and six codefendants. The indictment alleged that Metter had participated in a fraudulent scheme related to transactions in the common stock of Spongetech Delivery Systems, Inc. ("Spongetech"), a corporation of which Metter was, at all relevant times, the president and chief executive officer.

In May and November 2010, the government secured warrants to seize computers from Spongetech's offices and Metter's home, and data from Metter's personal email account. All told, law enforcement recovered the contents of sixty-one Spongetech hard drives, including Spongetech's email server, the contents of four of Metter's personal hard drives, and a "snapshot" of activity on Metter's email account (collectively, the "Seized Materials"). But the government did not promptly conduct a forensic review of the Seized Materials.

On May 25, 2011, Metter filed a motion to suppress the Seized Materials. He argued, in relevant part, that the government's delay in conducting a forensic review constituted an unreasonable execution of the warrants that authorized seizure of that evidence, in contravention of the Fourth Amendment. The government conceded that it had yet to review the Seized Materials, but it argued that its delay was not "unreasonable." The district court sided with Metter, granting his motion and

ordering blanket suppression of the Seized Materials.  <u>United States v. Metter</u>, 860 F. Supp. 2d 205, 216 (E.D.N.Y. 2012).

The government immediately appealed, asserting appellate jurisdiction under 18 U.S.C. § 3731.

**DISCUSSION**

Section 3731 of Title 18 of the United States Code, authorizes, in certain circumstances, interlocutory appeals by the United States from district court orders in criminal cases. Relevant here is the second paragraph of section 3731, which provides:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

18 U.S.C. § 3731.

Paragraph two thus appears to provide three requirements for appealability: "[t]here was an order of a district court excluding evidence; a United States attorney filed the proper certification; and the appeal was taken within 30 days."  <u>United States v. Helstoski</u>, 442 U.S. 477, 487 n.6 (1979). It is undisputed that the government has satisfied these requirements here: the district court issued a May 17, 2012 order

4

suppressing the Seized Materials; on June 15, 2012, Loretta E. Lynch, the U.S. Attorney for the Eastern District of New York, certified to the district court that the "appeal is not taken for purposes of delay and that the evidence that has been ordered suppressed constitutes substantial proof of facts material in the proceeding"; and the government filed a notice of appeal the same day, within 30 days of the district court's order.

Yet Metter maintains that we lack jurisdiction. He contests the U.S. Attorney's certification that the Seized Materials are "substantial proof of facts material in the proceeding." The government, he argues, represented several times in the proceedings before the district court that it had not yet conducted a review of the Seized Materials -- indeed, this was the basis for Metter's suppression motion. And because the government did not review the Seized Materials, he continues, the U.S. Attorney had no basis upon which to rest her certification of substantiality and materiality.

The government argues in reply that the U.S. Attorney's certification should be treated as conclusive under section 3731 as to whether the suppressed evidence is a "substantial proof of a fact material in the proceeding." It argues, in other words, that our jurisdictional inquiry begins and ends with timely filing of the certification itself -- we thus need not look behind the certification to determine its veracity or correctness, and an appellee may not move to dismiss an appeal on the basis that the certification is untrue or incorrect.

5

Although we have yet to hold as much, every circuit to have considered the question has reached the conclusion urged by the government. In re Grand Jury Investigation, 599 F.2d 1224, 1226 (3d Cir. 1979) ("The district court having received this certification, we are not required by section 3731 to evaluate independently the substantiality or the materiality of the contested material."); United States v. Centracchio, 236 F.3d 812, 813 (7th Cir. 2001) ("We therefore treat as conclusive of our jurisdiction over a Paragraph 2 appeal the submission of the certification required by the statute."); United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) ("[W]e need not examine whether [the suppressed evidence] would actually be substantial proof of a material fact. The government has so certified; that suffices."); United States v. W.R. Grace, 526 F.3d 499, 506 (9th Cir. 2008) (en banc) ("[W]e now hold that a certification by a United States Attorney . . . that the appeal is not taken for the purpose of delay and that the evidence is substantial proof of a fact material in the proceeding is sufficient for purposes of establishing our jurisdiction under § 3731."), overruling United States v. Loud Hawk, 628 F.2d 1139, 1150 (9th Cir. 1979). We now join our sister circuits in this regard.

We are persuaded that for purposes of section 3731, the U.S. Attorney's timely certification is conclusive as to whether the suppressed evidence is substantial proof of a material fact. We begin with section 3731's text, which "shall be liberally

6

construed to effectuate its purposes."  18 U.S.C § 3731. Semantically, section 3731 provides that jurisdiction "<u>shall</u> lie . . . <u>if</u> the United States attorney certifies . . . <u>that</u> the appeal is not taken for purpose of delay and <u>that</u> the evidence is a substantial proof of a fact material in the proceeding."  <u>Id.</u> (emphases added).  We see nothing in that language to establish that the government is also required to <u>prove</u> either or both of what we read as parallel requirements -- "not taken for purpose of delay" and "substantial proof of a fact material in the proceeding" -- and decline to impose such an obstacle absent even a hint to that effect from the statutory text.  <u>See</u> <u>Johnson</u>, 228 F.3d at 923-24; <u>W.R. Grace</u>, 526 F.3d at 505; <u>see also</u> <u>Helstoski</u>, 442 U.S. at 487 n.6 ("[T]he purpose of [§ 3731] was to remove all statutory barriers to Government appeals . . . ." (quotation marks omitted)).

Viewing the issue from our own perspective, moreover, we think a contrary rule too impracticable to be what Congress intended.  As the Seventh Circuit put it, "Paragraph 2 appeals are usually from orders suppressing or excluding evidence, and there is no basis on which, in advance of trial, we could determine that the evidence that the government wished to use was so unimportant to any rational prosecutorial strategy that the appeal was frivolous."  <u>Centracchio</u>, 236 F.3d at 813.

We emphasize, as did the Ninth Circuit, that "we are not diluting a standard implicit in the certification requirement."  <u>W.R. Grace</u>, 526 F.3d at 507.  Certification is not

7

to be treated as no more than an "administrative formality."  Id. at 508.  So, although we agree that "since the Solicitor General must in any event approve federal government appeals, there is no significant danger that the appeal will be frivolous," Centracchio, 236 F.3d at 813, we nevertheless reiterate our expectation that the government will "carefully analyze[] the case before deciding to appeal," United States v. Romaszko, 253 F.3d 757, 760 (2d Cir. 2001).  While we are confident that the U.S. Attorney will carry out her certification responsibilities in good faith, we note that our power to impose direct sanctions is a sufficient guarantor that the government will not overstep itself in this regard.[1]  See W.R. Grace, 526 F.3d at 507.

We conclude that the U.S. Attorney's certification that "the evidence is a substantial proof of a fact material in the proceeding" is conclusive of that issue for purposes of section 3731, and is therefore alone sufficient to vest us with jurisdiction under section 3731 of timely appeals from orders

---

[1]  Although the rule we adopt here obviates any need to examine further the U.S. Attorney's certification, we have reviewed the materials submitted by the parties and think sanctions plainly unwarranted.

8

suppressing evidence.[2]  Because the requirements of section 3731 are satisfied here, we have jurisdiction over this appeal.

We have considered Metter's remaining contentions and find them to be without merit.[3]  Metter's motion to dismiss the appeal is denied.  He is directed to file a scheduling notification proposing a deadline for the filing of his brief on the merits.  See Local Rule 31.2.

**CONCLUSION**

For the foregoing reasons, Metter's motion to dismiss the appeal for want of appellate jurisdiction is denied.  He is directed to file forthwith a scheduling notification proposing a deadline for the filing of his brief on the merits.  See Local Rule 31.2.

---

[2]  The rule we adopt renders the U.S. Attorney's certification conclusive only as to the issue of jurisdiction. We in no way suggest that a certification is conclusive as to any matter that may be relevant to the merits of the appeal.  See United States v. W.R. Grace, 526 F.3d 499, 506 (9th Cir. 2008) (en banc).  Nor should our conclusion be read to limit in any way our discretion to dismiss an appeal under Fed. R. App. P. 3(a) where the required certification is not timely filed.  See Romaszko, 253 F.3d at 760.

[3]  Metter argues that this motion is not governed by the rule we adopt today because he challenges not the correctness of the U.S. Attorney's substantiality and materiality determination, but her very basis for making such a determination.  It seems obvious to us that underlying the U.S. Attorney's certification that the suppressed evidence is substantial and material is the premise that she has an understanding of the nature of the evidence sufficient to make that judgment.  And we think, to the extent the concepts are separable, that it follows a fortiori from the principle that a certification's averment of substantiality and materiality is not subject to an appellee's challenge that neither is the existence of a basis upon which that averment rests.