25-1428-cr
*United States v. Robinson*

# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2025
No. 25-1428-cr

UNITED STATES OF AMERICA,
*Appellant,*

*v.*

JASON ROBINSON,
*Defendant-Appellee.*

ARGUED: APRIL 14, 2026
DECIDED: JUNE 16, 2026

Before:       JACOBS, WESLEY, and PARK, *Circuit Judges.*

Defendant-Appellee Jason Robinson challenges our jurisdiction to hear this interlocutory appeal from an order of suppression issued by the United States District Court for the Eastern District of New York (Morrison, *J.*).   The notice of appeal was timely, but 18 U.S.C. § 3731 also requires that "the United States attorney certif[y] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding."   Robinson argues that the interim United States Attorney who signed the certification was (at the time) unlawfully appointed, that the certification was therefore invalid, and that the lack of a certification defeats timely filing and, with it, our jurisdiction.   We assume the validity of these contentions as a convenience for the purpose of deciding Robinson's motion to dismiss the Government's appeal.

We conclude that certification was achieved here in two ways: (i) by a later certification from the interim United States Attorney, after he was duly appointed by the district court; and (ii) by a supplemental certification from the then Attorney General of the United States. While both certifications were filed after the time to appeal had expired, "late filing of the certificate does not preclude jurisdiction but does permit a court to exercise its discretion under [Federal Rule of Appellate Procedure] P. 3(a) to dismiss the appeal." *United States v. Romaszko*, 253 F.3d 757, 760 (2d Cir. 2001) (per curiam). We exercise that discretion to hear the merits.

GILBERT REIN (Saritha Komatireddy and Amy Busa, *on the brief*) Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY, *for the United States of America*.

ASHOK CHANDRAN (Brett Parker, Law Fellow, *on the brief*), Assistant Federal Defender, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellee*.

DENNIS JACOBS, *Circuit Judge*:

Defendant-Appellee Jason Robinson challenges our jurisdiction to hear this interlocutory appeal from an order of suppression issued by the United States District Court for the Eastern District of New York (Morrison, *J*.). The notice of appeal was timely, but 18 U.S.C. § 3731 also requires that "the United States attorney certif[y] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." Robinson argues that the interim United States Attorney who signed the certification was (at the time) unlawfully appointed, that the certification was therefore invalid, and that the lack of a certification defeats timely filing and, with it, our jurisdiction. We assume the validity of these contentions as a convenience for the purpose of deciding Robinson's motion to dismiss the Government's appeal.

We conclude that certification was achieved here in two ways: (i) by a later certification from the interim United States Attorney, after he was duly appointed by the district court; and (ii) by a supplemental certification from the then Attorney General of the United States. While both certifications were filed after the time to appeal had expired, "late filing of the certificate does not preclude jurisdiction

3

but does permit a court to exercise its discretion under [Federal Rule of Appellate Procedure] 3(a) to dismiss the appeal." *United States v. Romaszko*, 253 F.3d 757, 760 (2d Cir. 2001) (per curiam). We exercise that discretion to hear the merits.

**I**

When Robinson landed back in the United States after a trip abroad in 2022, he was diverted for a customs inspection at JFK Airport. A search of his cellphone turned up evidence of child sexual abuse material. Based on images found during this search, the Government obtained a warrant to conduct a forensic search, which turned up more videos and photographs of child pornography. Robinson was charged with child pornography offenses. In May 2025, the district court granted Robinson's motion to suppress the cellphone evidence because the initial search was unlawful for want of probable cause or a search warrant. The district court also concluded that the Government could not rely on the good faith exception to the exclusionary rule. This interlocutory appeal followed.

Robinson interposes a motion to dismiss the appeal on the ground that this Court lacks appellate jurisdiction under 18 U.S.C. § 3731. As relevant here, Section 3731 permits the Government to take interlocutory appeal of district court

4

orders "suppressing or excluding evidence" when the appeal is taken "within thirty days after the decision." 18 U.S.C. § 3731. It further requires that "the United States attorney certif[y] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." *Id.* Section 3731 thus imposes "three requirements for appealability: '[t]here was an order of a district court excluding evidence; a United States attorney filed the proper certification; and the appeal was taken within 30 days.'" *United States v. Moskowitz*, 702 F.3d 731, 733 (2d Cir. 2012) (per curiam) (alteration in original) (quoting *United States v. Helstoski*, 442 U.S. 477, 487 n.6 (1979)). Here, the district court issued the order suppressing evidence on May 9, 2025. The Government timely filed a notice of appeal within thirty days, on June 3, 2025. The same day, Joseph Nocella, Jr. – as the interim United States Attorney for the Eastern District of New York – filed a certification in the district court with the requisite assurances.

Robinson, however, argues that Nocella was not lawfully appointed when he filed the certification. Nocella was the second of two interim appointees in the Eastern District of New York in the first half of 2025: the Attorney General first appointed John Durham as interim United States Attorney effective January 21,

2025, and then appointed Nocella effective May 5, 2025. Robinson contests the latter appointment.

Under 28 U.S.C. § 546, the Attorney General may appoint an interim United States Attorney for a maximum of 120 days. *See* 28 U.S.C. § 546(c)(2). If the Senate and President have not acted to fill a post by the end of that 120-day period, any further interim appointment must be made by the district court for the relevant district. *See id.* § 546(d). Robinson contends that Nocella was not the validly appointed United States Attorney on June 3, 2025, the date he certified the appeal, because the district court did not appoint him when the 120-day period following Durham's initial appointment expired on May 21, 2025. So (it is argued) neither Durham nor Nocella could serve as the United States Attorney – or file a Section 3731 certification – after that date.

We need not address the validity of Nocella's appointment as of June 3 in order to resolve Robinson's jurisdictional claim. Timely filing of the Section 3731 certification, while important, is not a jurisdictional requirement. *Romaszko*, 253 F.3d at 760. Rather, "late filing of the certificate . . . permit[s] a court to exercise its discretion under [Federal Rule of Appellate Procedure] 3(a) to dismiss the appeal." *Id.* We conclude that, even without the June 3 certification, the

6

Government submitted a valid, if "belated," certification. *Id.* Here, two measures taken by the Government in September 2025 provide independent grounds for finding that a valid certificate was filed.

First, Nocella has now ratified his prior actions after an intervening appointment. On August 26, 2025, the District Court for the Eastern District of New York exercised its authority under 28 U.S.C. § 546(d) to appoint Nocella as the interim United States Attorney – i.e., the very step that Robinson argues was lacking earlier in the year. Shortly thereafter, the Government submitted a September 2, 2025 memorandum in which Nocella ratified the actions he took under his earlier (disputed) appointment by the Attorney General.

In tandem with Nocella's original June 3, 2025 certification, that is enough to satisfy the statute. Section 3731 must be "liberally construed to effectuate its purposes." 18 U.S.C. § 3731. This Court has previously accepted certain informal means of complying with the certification requirement. *See United States v. Amrep*, 545 F.2d 797, 798 n.1 (2d. Cir. 1976) (per curiam) (holding that oral notification to the trial court and defense counsel was sufficient to satisfy Section 3731's certification requirement). And there is no dispute here that Nocella filed an otherwise compliant certification within the statute's thirty-day window. If it

7

was invalid by reason of Nocella's appointment status, his subsequent ratification confirms (as is obvious) that he endorses a decision he himself made only a few months earlier. Under these circumstances, we accept Nocella's September 2025 ratification as equivalent to a "belated filing" of the original June 3, 2025 certification. *Romaszko*, 253 F.3d at 760. That is enough to defeat Robinson's challenge to this Court's jurisdiction.

In addition, the Attorney General herself filed a supplementary Section 3731 certification on September 5, 2025. That alone constitutes certification. The Attorney General is authorized to "conduct any kind of legal proceeding, civil or criminal, . . . which United States attorneys are authorized by law to conduct." 28 U.S.C. § 515(a). We agree with the Ninth Circuit that the Attorney General may certify an appeal under Section 3731. *See United States v. Weyhrauch*, 548 F.3d 1237, 1241–42 (9th Cir. 2008), *vacated on other grounds*, 561 U.S. 476 (2010). The Attorney General's certification constitutes a second, independent basis for defeating Robinson's jurisdictional challenge.

## II

Assuming that a certification is untimely when filed after the thirty days specified in Section 3731, we have discretion to dismiss the appeal. *See Romaszko*,

8

253 F.3d at 760.[1]  But we will not exercise this discretion if we find that "the prosecutor carefully analyzed the case before deciding to appeal," and the defendant would not thereby suffer prejudice.  *Id.*  As we have previously explained, "[c]ertification is not to be treated as no more than an 'administrative formality.'"  *Moskowitz*, 702 F.3d at 734 (quoting *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008)).

Prior to filing the notice of appeal on June 3, 2025, a cadre of supervisors at the local United States Attorney's Office reviewed the decision to do so:   the Co-Chief of the National Security and Cybercrime Section, the Chief of Appeals, the Chief of the Criminal Division, and the First Assistant United States Attorney (and of course Nocella himself).   The facts of this case corroborate why thoughtful consideration would justify an appeal.   The parties agree that the suppression issue is case-dispositive.   And all acknowledge that this appeal raises important

---

[1] While Section 3731 states that "[t]he appeal" must be taken within thirty days, the statute does not expressly link that time requirement to the certification by the United States Attorney.   18 U.S.C. § 3731.   But in *Romaszko*, we characterized as "late" a certification that was not filed until more than three months after the government's time to appeal had expired, and we explained that "[t]he purpose of the certification requirement is to ensure that the prosecutor carefully analyzed the case *before* deciding to appeal."   *Romaszko*, 253 F.3d at 760 (emphasis added).   In any event, no matter the applicable time period, "late filing of the certificate does not preclude jurisdiction."   *Id.*

questions about the Government's constitutional authority to search electronic devices at the border, questions that district courts have decided differently. For these reasons, we are satisfied that the Government gave the matter due consideration before deciding to appeal.

As to prejudice, the Government's belated filing of the certification has not delayed the parties' briefing or this Court's consideration of any issue. Nor is Robinson detained while the appeal proceeds. His claim of prejudice instead rests on "the psychological weight of [his] pending case" and certain conditions of his pre-trial release. Robinson's Motion to Dismiss at 19. For example, Robinson is subject to a curfew, and he is restricted in his travel, his contact with minors, and his use of electronic devices. He must also attend (and pay for) mental health counseling. But while those conditions constitute a "deprivation of liberty and [a] burden . . . on the mind of the accused," *United States v. Salisbury*, 158 F.3d 1204, 1207 (11th Cir. 1998), they are not so onerous as to warrant dismissal of the appeal, *see United States v. Smith*, 263 F.3d 571, 580 (6th Cir. 2001) (finding no "substantial prejudice" beyond the defendant's conditions of pre-trial release that would justify discretionary dismissal of an appeal under Section 3731).

In sum, this Court has appellate jurisdiction under Section 3731.  We do not decide whether Nocella's certification on June 3, 2025 was valid because the Government's subsequent late-filed certifications suffice for us to exercise discretion to hear the merits.   Robinson's motion to dismiss is therefore **DENIED**. This decision is confined to the issue of appellate jurisdiction, however, and the case awaits decision on the merits.