UNITED STATES, Appellee

v.

Rachel K. Bradford, Staff Sergeant
U.S. Air Force, Appellant

No. 10-6003

Crim. App. Misc. Dkt. No. 2009-07

United States Court of Appeals for the Armed Forces

Decided February 26, 2010

PER CURIAM

Counsel

For Appellant:  Captain Michael S. Kerr and Dwight H. Sullivan, Esq.

For Appellee:  Lieutenant Colonel Jeremy S. Weber.

Military Judge:  William M. Burd

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Bradford, No. 10-6003/AF

PER CURIAM:

## I.   BACKGROUND

This case arises out of a interlocutory Government appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2006), in a pending special court-martial. Appellant, who has been charged with one specification of wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2006), entered a plea of not guilty at her arraignment.  At this stage of the proceedings, the parties have not made opening statements, and no evidence has been offered on the merits.

During consideration of preliminary matters, the military judge addressed a number of motions, including the motion at issue in the present appeal -- the prosecution's request that the military judge "preadmit" a document from the Air Force Drug Testing Laboratory.  The drug testing report at issue contained the results of urinalysis tests on a specimen attributed to Appellant.  In pertinent part, the report stated that the "specimen was determined to be presumptive positive" by two initial screening procedures and that the specimen "was then confirmed positive" in a subsequent test.  Other than the document, the prosecution did not present any evidence in support of the motion.

United States v. Bradford, No. 10-6003/AF

In the hearing on the motion, trial counsel stated that the prosecution would "call an expert who's familiar with the procedures of the lab" as part of the prosecution's case-in-chief during trial on the merits. According to trial counsel, the witness, who would review the chain of custody and the test results, would "be able to testify live based on [the witness's] own personal analysis of the Drug Testing Report and the analysis from this case [that] the sample tested positive for cocaine." Arguing that admission of the report without the in-court testimony of the individuals who made certifying statements in the report violated the Confrontation Clause of the Sixth Amendment, the defense opposed the motion, citing Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009).

The military judge denied the prosecution's motion to "preadmit" the document. In the course of his ruling, the military judge focused on portions of the document that he viewed as containing "testimonial" evidence that would trigger the requirement for confrontation under Melendez-Diaz:

> If there's any part of the drug testing process
> that would not be testimonial . . . it would be
> the initial screen; the collection, the chain of
> custody leading up to and including the initial
> screening test. . . . [B]ut once a sample test is
> presumptively positive, everything changes
> because then the lab personnel know what they're
> doing is confirming or invalidating that initial
> screen. At that point it becomes testimonial and
> that's when confrontation attaches to the
> documents.

In that context, the military judge indicated that portions of the report might receive different treatment with respect to the prosecution's motion to preadmit the document:

> So, if the government can pull out portions if this report or any records that pertain to the initial screen that would be something I would consider in the Motion to Preadmit. But the lab report, as it now stands, as contained in Appellate Exhibit VII, will not be preadmitted.

Trial counsel asked for further clarification from the military judge with regard to the witnesses the Government would need to call in order to introduce the report in its entirety. The military judge explained that the Government would be required to provide "the testimony of anyone involved at any stage in the testing after the initial screening." Trial counsel then asked, "So any witness involved in any capacity with this particular sample, after the first positive or first immunoassay, would be required to introduce any portion of the [drug testing report] that goes beyond that first immunoassay?" The military judge responded, "Yes." The prosecution did not identify specific witnesses in that regard by name or specific position.

After a brief recess, trial counsel informed the military judge that the Government was "strongly considering" filing an interlocutory government appeal under Article 62(a)(1)(B), UCMJ, which permits such appeals when a ruling by the military judge

"excludes evidence that is substantial proof of a fact material in the proceeding."  The military judge observed that his ruling on "the Government's Motion to Preadmit the Drug Testing Report . . . . does not constitute a ruling that excludes evidence . . . . [and] there is no basis at this point to appeal my decision under Article 62."  When trial counsel asked for a further explanation, the military judge stated:  "I haven't excluded any evidence.  I've just said I'm not going to preadmit it and I've explained why."

The Government subsequently filed an interlocutory appeal with the United States Air Force Court of Criminal Appeals under Article 62, UCMJ, asking the Court to overturn the military judge's ruling.  Appellant moved to dismiss the appeal on the grounds that the decision of the military judge to not preadmit evidence was not appealable under Article 62, UCMJ, because it did not amount to a ruling excluding evidence.

The Court of Criminal Appeals concluded that it had jurisdiction to address the merits of the appeal, stating that "[t]he military judge's ruling had the effect of excluding evidence that is substantial proof of a fact material for the government's case."  United States v. Bradford, No. 2009-07, slip op. at 4 (A.F. Ct. Crim. App. Nov. 23, 2009).  The court then held that the military judge erred in denying the Government's motion to preadmit the drug testing report.  Id. at

12.  The lower court granted the Article 62, UCMJ, appeal,
vacated the military judge's ruling, and remanded the case for
further proceedings.  Id. at 13.  Appellant then sought review
in this Court, contending that the lower court erred both with
respect to the jurisdictional issue and on the merits of the
appeal.

## II.  DISCUSSION

Prosecution appeals are disfavored and are permitted only
upon specific statutory authorization.  See United States v.
Wuterich, 67 M.J. 63, 70 (C.A.A.F. 2008).  The statute at issue
in the present appeal authorizes the Government to pursue an
interlocutory appeal of "[a]n order or ruling which excludes
evidence that is substantial proof of a fact material in the
proceeding."  Article 62(a)(1)(B), UCMJ.

The present appeal concerns the military judge's denial of
the Government's motion to "preadmit" a document.  Trial on the
merits has not begun.  The Government has not moved to admit the
document at trial.  The Government has not demonstrated at trial
that it cannot establish a proper foundation for the
admissibility of the evidence.[1]  The procedural posture of the
case underscores the observation by the military judge that, at

---

[1] The circumstances of the present case, at this stage in the
proceedings, do not raise the question of whether foundational
requirements might be such that they rise to a level of
excluding evidence.

6

this stage of the proceedings, there has not been a ruling excluding any evidence.

The case before us is distinguishable from United States v. Hendricks, 395 F.3d 173 (3d Cir. 2005), cited by the court below. In Hendricks, the district court denied the prosecution's motion in limine to admit specific statements made by specific persons unless the person who made the statement testified at the trial. Id. at 175-76. On appeal, the court treated the lower court's decision as a definitive ruling excluding specific evidence of particular statements by specific persons, id. at 181, and the opinion does not reflect any controversy about the court's jurisdiction. By contrast, the military judge in the present case has set forth foundational criteria for the admissibility of a document, but has not excluded specific evidence of particular statements by specific persons. In that context, the military judge's decision to not "preadmit" the document did not constitute "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding" under Article 62, UCMJ. As such, the lower court did not have jurisdiction to review the substance of the decision by the military judge at this stage in the proceedings. Under these circumstances, we take no position on the validity of the military judge's decision to deny the

motion to preadmit the document.[2]  Likewise, we take no position regarding the propriety of the criteria for admission set forth by the military judge.

## III.  DECISION

Accordingly, we reverse the decision of the United States Air Force Court of Criminal Appeals.  We remand the record of trial to the Judge Advocate General of the Air Force for return to the military judge for further proceedings consistent with this opinion.

---

[2] In a separate case on direct review, United States v. Blazier, 68 M.J. 240 (C.A.A.F. 2009) (order granting petition for review), we have under consideration the Sixth Amendment implications of a laboratory report of a drug test relied upon by the prosecution in its case-in-chief.