UNITED STATES, Appellee

v.

Ruben VARGAS, Staff Sergeant
U.S. Marine Corps, Appellant

No. 14-6009

Crim. App. No. 201300426

United States Court of Appeals for the Armed Forces

Argued September 9, 2014

Decided December 8, 2014

ERDMANN, J., delivered the opinion of the court, in which
STUCKY, RYAN, and OHLSON, JJ., joined.  BAKER, C.J., filed a
separate dissenting opinion.

Counsel

For Appellant:  Lieutenant Colonel Richard A. Viczorek, USMCR
(argued).

For Appellee:  Lieutenant Anne E. Dingle, JAGC, USN (argued);
Lieutenant Commander Keith B. Lofland, JAGC, USN, Major David N.
Roberts, USMC, and Major Paul M. Ervasti, USMC (on brief); Brian
K. Keller, Esq.

Military Judge:  N. K. Hudspeth

**This opinion is subject to revision before final publication.**

United States v. Vargas, No. 14-6009/MC

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Rubin Vargas is charged with assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012). During the first day of trial, the military judge denied a government request for a continuance. When the government was unable to proceed with trial due to the unavailability of its witnesses, the military judge rested the government's case. The government subsequently filed an appeal with the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2012). The NMCCA held that the military judge's rulings were appealable under Article 62 and that the military judge abused her discretion in denying the government's motion for a continuance and resting the government's case. United States v. Vargas, No. NMCCA 201300426, slip op. at 10, 12 (N-M. Ct. Crim. App. Feb. 28, 2014).

Article 62, UCMJ, allows interlocutory government appeals under limited circumstances, including from an "order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding." Article 62(a)(1)(B), UCMJ. We granted review of this case to determine whether the military judge's denial of the government's request for a continuance and the subsequent resting of the government's case constituted an

2

United States v. Vargas, No. 14-6009/MC

exclusion of evidence appealable under Article 62, UCMJ.[1]  We

hold the military judge's rulings were not appealable under

Article 62 and reverse the decision of the NMCCA.

Background

Vargas was charged with one specification of assault

consummated by a battery against his wife.  The facts underlying

the assault are not relevant to our analysis as to whether the

NMCCA had jurisdiction to hear the government's appeal.  In this

jurisdictional challenge to the government's Article 62, UCMJ,

appeal, it is important to review the context in which the

military judge's rulings were made:

| | |
|---|---|
| February 4, 2013 | Charges were referred to a special court-martial. |
| February 19, 2013 | Trial was set for April 23, 2013, with no objections from counsel. |
| February 25, 2013 | Arraignment. |
| April 5, 2013 | Trial continued to June 4, 2013, on defense motion due to Vargas's hiring of civilian defense counsel. |
| May 29, 2013 | Following the government's response to discovery, the defense requested additional time to |

---

[1] We granted review of the following issue:

Whether the Navy-Marine Corps Court of Criminal
Appeals erroneously interpreted Article 62, UCMJ, to
allow a government appeal of the military judge's
denial of a continuance request as well as the
military judge's order resting the government's case.

3

|  | review the discovery material. Trial continued to July 9, 2013. |
|---|---|
| July 3, 2013 | An Article 39(a), UCMJ, session was held to resolve the government's alleged failure to produce discovery. The military judge determined that the government may have failed to produce necessary discovery and continued the case to the week of July 22, 2013, to give the government time to provide complete discovery. |
| July 11, 2013 | The government provided the additional discovery discussed on July 3, 2013. |
| July 12, 2013 | An Article 39(a), UCMJ, session was held on a defense motion to compel discovery. The defense argued that the documents received from the government the previous day were incomplete. The military judge ordered the government to produce the evidence requested or provide proof that it did not exist through an affidavit. Trial was continued to August 13, 2013. In granting the continuance, the military judge warned that the "parties better be ready for trial on August 13." |
| August 6, 2013 | The government moved for an additional continuance. The military judge granted the motion and continued the trial to August 27, 2013. |
| August 21, 2013 | One week before the trial, the government moved for a continuance to October 22, 2013, to accommodate the availability of two of its witnesses, Special Agent (SA) Carlos Castro and SA Shawn Fogle. SA Castro was |

|              | scheduled to attend a field exercise and SA Fogle was deployed.  The military judge granted the motion. |
|--------------|----------------------------------------------------------------------------------------------------------|
| October 16, 2013 | The government again moved to continue the trial to accommodate the availability of the same witnesses named in the August 21, 2013, motion.  The government also cited travel issues for two other unnamed witnesses caused by the "Government shutdown."  The military judge denied the motion. |

The court was assembled on the morning of October 22, 2013, and the government confirmed it was ready to proceed.  Voir dire was completed that morning and the court-martial recessed at 11:32 a.m.  The court-martial reconvened at 12:43 p.m.  The parties discussed trial counsel's intent to utilize several photos and the 911 call audio during his opening statement, none of which had been pre-admitted into evidence.[2]  The defense objected to the government's use of non-admitted evidence in the government's opening statement and the military judge sustained the objection.  Trial counsel then informed the court that the witness necessary to lay the foundation for admission of the 911 audio would not be available until the next morning.  The military judge advised trial counsel:

> That's not my problem.  Trial is scheduled for today. I indicated to you yesterday that I expected voir dire to finish by lunch and you would get to your case-in-

---

[2] Trial counsel had compiled the photo exhibits and the 911 call into a video he planned to play to the members during his opening statement.

chief after lunch, which is exactly how we've proceeded. . . . So you are expected to be prepared for trial.

Trial counsel then informed the military judge that Special Agent Fogle, who was necessary to lay the foundation for the photo exhibits, would also not be available until the next day. The military judge responded:

Okay.  Well, Trial Counsel, I will remind you that you submitted exhibits to the court regarding your pretrial submission.  Specifically, Appellate Exhibit XVI and Appellate Exhibit XXXV where Special Agent Fogel [sic] is not listed as a witness.  I will not delay the trial to get his appearance at this time.

So you -- this trial has been set for quite a while now.  We are working on, one, two, three, four, five, six -- at least six approved continuances in this case.  Charges were preferred in March.  And government is expected to -- I'm sorry, it was arraigned in March.

Government is expected to be prepared for trial upon arraignment, and we're now in October.  So you're going to proceed with what you have.  And if you can't prove your case, then I'm sorry.  So I don't find just cause for a delay at this point for you to get any witnesses.

The court-martial then continued with the parties' opening statements and the government proceeded to call four witnesses in its case-in-chief.  Following the testimony of those witnesses, the court took a fifteen-minute recess at 2:11 p.m. During the recess, trial counsel informed the military judge that the government's remaining three witnesses were not available to testify.  When the court-martial reconvened, the government moved for a continuance until the next morning when

6

its witnesses would be available.  The defense objected to the delay.

The military judge asked trial counsel to identify the three unavailable witnesses and the reasons for their unavailability.  Trial counsel explained that the special agent who had initially been identified as a witness had deployed the previous week and was no longer available.  However, that agent had been replaced with Special Agent Fogle who, although he had not been formally identified to the court or defense counsel, was currently en route from Afghanistan.  The second witness was the treating physician, a government employee, who had patient conflicts that day.  The final witness was the on-base 911 operator, also a government employee, who was unavailable because she worked late and slept during the day.

The military judge asked whether the government had served process on any of the witnesses.  Trial counsel responded that it had not.  The military judge then denied the government's motion for a continuance, noting that:

> Reasons for a continuance include insufficient
> opportunity to prepare for trial and, unavailability
> of an essential witness, the interest of government in
> the order of trial and related cases, and illness of
> the accused, counsel, military judge, or other member.
>
> In this case, there's been plenty of opportunity for
> the government to prepare for trial.  The accused was
> arraigned in March of this year.  We are now in
> October.  The court has granted at least six
> continuances in this case involving a very simple

7

Specification of assault; albeit, there was two
Specifications originally on the charge sheet.

The court finds there is sufficient opportunity for
the government to prepare for trial.  With respect to
availability of an essential witness, the court does
not rule whether these witnesses are essential, but
does rule they are available under the rules of, uh,
this R.C.M. and 804 -- uh, and MRE 804.

This case is not -- delay of this case is not related
to a trial of any other related cases and there is no
illness of the accused, counsel, military judge, or
member.

The court finds that it is not reasonable cause to
delay this trial; albeit, for only one day.
Considering that trial was ordered -- these dates that
we're finally here to today, despite all the
continuances were ordered in August of this year.  As
well as the fact that the government with the consent
of the defense tried to delay the trial again on the
16th of October, and the court denied the delay making
it clear to counsel of both parties, this trial is
going to proceed, and it will not be delayed any
further.

The court -- the government has chosen not to compel
the production of their own witnesses and to put those
witnesses [sic] schedules ahead of the courts [sic]
schedule, which also does not amount to just cause for
a delay in this court-martial.

Your motion for a continuance is denied.

The military judge then asked the trial counsel:

MJ:  Do you intend to rest or do you have any other
     evidence?

TC:  We do not intend to rest, ma'am.

MJ:  Okay, So you have more evidence?

TC:  Yes, ma'am, but it will be provided by these
     witnesses.

> MJ: Okay. Well I'm going to bring in the members and call on the government to present evidence or to rest.

When the court-martial was reconvened, trial counsel moved the military judge to reconsider her ruling denying the continuance. That motion was denied. After noting that the decision was not based on the court's schedule but, rather, on the rights of the accused, the military judge provided the following explanation:

> The government is ready for trial or they're not ready for trial. The government has demonstrated through the course of today that they were not, in fact, prepared for trial as they should be. With 11 Appellate Exhibits not provided to the court reporter before we came on the record at 0900.
>
> The charge that the government indicated to the court yesterday that was going to be withdrawn was not withdrawn, prior to coming on the record today. And, the fact that the government's opening video, which they clearly spent some time on, was not provided to the defense before today for their review among other things to show a lack of preparation in this case.
>
> The court, accordingly, doesn't give any deference to the fact that you're not prepared, and you took the witnesses [sic] schedules as more important than the schedule of this court, and the process of the administration of justice.
>
> So your motion is denied.

The government then informed the court that it intended to file an appeal under Article 62, UCMJ. The military judge stated she was not obliged to continue the case while the government pursued that action and the court was reconvened. The following exchange then occurred:

MJ:  Government, do you have any additional evidence
     to present?

TC:  Ma'am, we do not have any additional evidence at
     this time -- um, we do not have any additional
     evidence at this time.

MJ:  Okay.  Are you resting then?

TC:  No, ma'am.

MJ:  You may present any additional evidence or you
     may rest.

TC:  Ma'am, again the government intends to offer
     additional evidence.  However, we do not have
     that on us at this time.  We do not intend to
     rest our case at this time, ma'am.

MJ:  Okay.  Your case is rested if you have no
     additional evidence to present at this time.  I
     have already denied any continuance in this case.

The defense then rested its case without presenting any
evidence.  After the parties worked on findings instructions,
there was a further discussion of R.C.M. 908(b) and the effect
of an Article 62 appeal on the underlying trial.[3]  The court-
martial reconvened and trial counsel reiterated the government's
plan to file an Article 62 appeal from the military judge's
denial of the government's motion for a continuance.  The
military judge then stayed the proceedings pending the Article
62 appeal.

Later that evening, trial counsel advised the military
judge and defense counsel that the government did not intend to

---

[3] Rule for Courts-Martial (R.C.M.) 908(b)(4) provides that upon
written notice of a government appeal, the ruling or order that
is the subject of the appeal is automatically stayed.

file an Article 62 appeal from the denial of its request for a continuance.  The government, instead, requested an Article 39(a) hearing for the next morning to ask the military judge to reconsider her ruling that the government had rested its case.

   The court-martial was reconvened at 11:22 a.m. the following day.  The military judge granted the government's motion to reconsider her ruling that rested the government's case-in-chief.  Trial counsel proffered what its three remaining witnesses would testify to if they were allowed to testify.[4]  The military judge then affirmed her earlier decision in a comprehensive ruling which summarized the proceedings which are at issue in this appeal.

   On appeal, the NMCCA determined it had jurisdiction over this matter under Article 62, UCMJ, and held the military judge's rulings were a clear abuse of discretion.  Vargas, No. NMCCA 201300426, slip op. at 10, 12.

---

[4] Trial counsel also informed the court that Special Agent Fogle had arrived from Afghanistan.  However, that morning the government discovered that Special Agent Fogle did not possess the information that the government had believed he possessed. The government further informed the military judge and the defense that they had found yet another witness, not previously identified to the court or the defense, who did possess the information they wished to introduce.

## Discussion

We review issues of jurisdiction and statutory interpretation de novo.  United States v. Daly, 69 M.J. 485, 486 (C.A.A.F. 2011); United States v. Lopez de Victoria, 66 M.J. 67, 73 (C.A.A.F. 2008).

Vargas argues that United States v. Browers, 20 M.J. 356 (C.M.A. 1986), which held that a denial of a government request for a continuance under Article 62 is not an appealable ruling, is directly on point and dictates a reversal of the NMCCA.  The government responds that while a facial review of Browers would indicate that it controls the outcome of this case, Browers was "deconstructed" in United States v. Wuterich, 67 M.J. 63 (C.A.A.F. 2008), and the proper test to determine whether a ruling "excludes evidence" under Article 62 is whether it "limit[s] the pool of potential evidence that would be admissible at court-martial."  Brief of Appellee at 11, United States v. Vargas, No. 14-6009 (C.A.A.F. June 9, 2014) (citation and internal quotation marks omitted).  The government goes on to argue that the military judge's rulings denied the government the opportunity to present testimony and thereby limited the potential pool of evidence the prosecution could present.

The military judge in this case made two "rulings" -- one denying a government-requested continuance and one resting the government's case.  While the government notified the military

12

judge that it would not appeal the denial of the continuance and would only proceed with the ruling "resting" the government's case, in fact, the government appealed both rulings to the NMCCA.[5]  As a result, the NMCCA reviewed both rulings and found both to be an abuse of discretion.  Vargas, No. NMCCA 201300426, slip op. at 12.  As recognized by the parties, the rulings are closely related.  Once the military judge denied the continuance, the normal course was for the trial to continue.  At that point, however, since the government informed the military judge it had no further evidence or witnesses to introduce, the government's own inaction essentially "rested" its case and the military judge's "ruling" was nothing more than a recognition of that fact.

We have previously held that "[p]rosecution appeals are disfavored and are permitted only upon specific statutory authorization."  United States v. Bradford, 68 M.J. 371, 373 (C.A.A.F. 2010) (citing Wuterich, 67 M.J. at 70); see also

---

[5] The government's Article 62, UCMJ, appeal to the NMCCA contained the following issue:

> Military judges are required by Article 40, UCMJ, and R.C.M. 906(B)(1) to grant continuances to any party for such time, and as often, as appears to be just. Did the military judge abuse her discretion when she denied the overnight continuance requested by trial counsel, and directed the government to rest its case despite having three more witnesses to present?

Interlocutory Appeal by the United States, at 2, United States v. Vargas, No. NMCCA 201300426 (N-M. Ct. Crim. App. Dec. 3, 2013).

<u>United States v. Vargas</u>, No. 14-6009/MC

<u>United States v. Wilson</u>, 420 U.S. 332, 336 (1975) ("This Court early held that the Government could not take an appeal in a criminal case without express statutory authority.") (citation omitted); <u>Will v. United States</u>, 389 U.S. 90, 96 (1967) ("All our jurisprudence is strongly colored by the notion that appellate review should be postponed, except in certain narrowly defined circumstances, until after final judgment has been rendered by the trial court.  This general policy against piecemeal appeals takes on added weight in criminal cases. . . . Moreover, in the federal jurisprudence, at least, appeals by the Government in criminal cases are something unusual, exceptional, not favored . . . .") (internal quotations and citations omitted).  Accordingly, while Article 62, UCMJ, authorizes interlocutory government appeals, it strictly proscribes the circumstances under which the government may do so:

> Article 62.  Appeal by the United States
>
> (a)(1) In a trial by court-martial in which a military judge presides and in which a punitive discharge may be adjudged, the United States may appeal the following (other than an order or ruling that is, or that amounts to, a finding of not guilty with respect to the charge or specification):
>
> > . . . .
> >
> > (B) An order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding.

We dealt with a strikingly similar situation in <u>Browers</u>, where we considered whether the "denial of a continuance

requested so that the Government may produce a material witness constitutes the <u>exclusion</u> of evidence." 20 M.J. at 360. In holding that it did not, we noted that "[m]ost lawyers think of exclusion of evidence as a ruling made at or before trial that certain testimony, documentary evidence, or real evidence is inadmissible. . . . and we see no reason to believe that Congress had any different intention in drafting Article 62(a)(1)." <u>Id.</u> We also suspected then, as we do now, that "Congress believed that the scheduling of trials should be left primarily to trial judges and reliance should be placed on their judgment." <u>Id.</u>

In <u>Wuterich</u>, we again looked at whether a military judge's ruling was an exclusion of evidence under Article 62, UCMJ. 67 M.J. at 64. In that case, we held that a ruling quashing a subpoena seeking discovery constituted an exclusion of evidence. <u>Id.</u> The court relied on a test set forth in <u>United States v. Watson</u>, 386 F.3d 304 (1st Cir. 2004), which held that "the pertinent inquiry is not whether the court has issued a ruling on admissibility, but instead whether the ruling at issue in substance or in form has limited the pool of potential evidence that would be admissible." <u>Wuterich</u>, 67 M.J. at 73 (internal citations and quotations omitted). Simply put, the question is

15

one of incidental versus direct effect.  Id.[6]  Both parties agree

that this is the proper test to apply when determining whether a

ruling "excludes evidence" under Article 62, UCMJ.

Although Watson involved an interpretation of 18 U.S.C.

§ 3731, the federal counterpart to Article 62, UCMJ, it

addressed the same issue as the one before this court today --

whether the denial of a continuance constituted an exclusion of

evidence.  The court in Watson held that the orders denying the

continuances did not limit the pool of potential evidence that

would be admissible but, rather, were case management orders

entered for the purpose of preventing delay.[7]  Watson, 386 F.3d

at 313.

In reviewing the military judge's orders, it is clear that

neither ruling had the direct effect of "excluding evidence" as

that term is used in Article 62, UCMJ.  The military judge did

not make any ruling which held that the government's evidence

was inadmissible nor did she indicate that she would not allow

the introduction of properly admissible evidence.  In Wuterich

we recognized that:

---

[6] Though decided prior to Wuterich, the Browers holding is not
inconsistent with Wuterich and Wuterich did not modify or
overrule Browers.

[7] The United States Court of Appeals for the First Circuit
arrived at this conclusion even though § 3731 contains a
provision mandating a liberal construction of the statute.
Watson, 386 F.3d at 309.  In Wuterich, we specifically rejected
a similar liberal construction for Article 62, UCMJ, appeals.
67 M.J. at 72.

> [a]lthough the orders appealed from will certainly hamper (and may effectively prevent) the obtaining and subsequent use of [the witness's] testimony, those orders did not, either in substance or in form, limit the pool of potential evidence that would be admissible at the forthcoming trial. . . . That the orders had an incidental effect on the government's evidence-gathering is too remote a consequence to support appellate jurisdiction under the second paragraph of section 3731 [allowing the government to appeal an order suppressing or excluding evidence].

Wuterich, 67 M.J. at 72-73 (quoting Watson, 386 F.3d at 313).

It was the government's own actions prior to and during trial that led to the military judge's denial of the government's motions. Had the government subpoenaed its witnesses and had them ready to testify at trial, there is nothing in the record which indicates that the witnesses would not have been allowed to testify or that its exhibits would not have been admitted. Instead, the record reflects the military judge's ongoing concern that, despite at least six continuances, the government was still not properly prepared for this trial.[8] This concern was justified given the government's remarkably casual approach to witness production, which included several requests for continuances based on witness convenience and, when the government's last request for a continuance was denied on October 16, failing to ensure the appearance of those witnesses when the trial commenced on October 22. Therefore, any

---

[8] There was a total of eight requests for continuances. Two were to continue Article 39(a), UCMJ, sessions, and six were to continue the trial date.

17

limitation on the government's ability to present evidence was self-inflicted. The orders in this case did not, either in substance or in form, limit the pool of potential evidence that could be admissible at trial. Wuterich, 67 M.J. at 73.

Further, a judge is ultimately responsible for the control of his or her court and the trial proceedings. See Taylor v. Kentucky, 436 U.S. 478, 489 n.17 (1978) ("'The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice.'" (quoting ABA Project on Standards for Criminal Justice, Function of the Trial Judge § 1.1(a) (App.Draft 1972))); United States v. Baca, 27 M.J. 110, 115 (C.M.A. 1988) (finding a "military judge has considerable responsibility for the proper administration of military justice and . . . at all appropriate times and in an appropriate manner . . . may promote justice at the trial") (internal quotations and citations omitted); see also Article 40, UCMJ, 10 U.S.C. § 840 (2012); R.C.M. 801(a), 804(e), 906(b)(1); Military Rule of Evidence 611(a). Proper case management during a trial, necessary for the protection of an accused's due process rights and the effective administration of justice, is encompassed within that responsibility.[9]

---

[9] The dissent's view would eviscerate the authority of a military judge to control the trial proceedings. When a motion for continuance is denied and the party requesting the continuance

18

Therefore, in addition to not excluding evidence as that term is used in Article 62, UCMJ, the rulings were in furtherance of the military judge's well-established responsibility to manage her cases. Indeed, by the time she denied the government's request for a continuance at trial, the military judge had already granted at least six. Notably, two of the granted continuances occurred after the military judge had warned the parties to be prepared for trial. While it is true that the last continuance requested was for only one day, the well-articulated record allows us to conclude that the military judge's rulings were ones of case management intended to protect both the rights of the accused and the effective administration of justice.[10]

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed and the orders of the military judge denying the government's continuance request and resting the government's case are reinstated. As R.C.M. 908 was inapplicable, it was of no effect and the military judge was

---

has no further evidence to present to the court, the dissent would allow that party to effectively delay the case (in essence granting the motion for continuance) until such time that party is ready to proceed. Such a rule fails to recognize the authority of a military judge to exercise effective case management and control of the trial proceedings.

[10] We note that these cases are highly fact-determinative and the denial of a government request for continuance under other circumstances may well lead to a different result.

19

entitled to proceed with the trial.  See United States v. Browers, 20 M.J. 356, 360 (C.A.A.F. 1985).

United States v. Vargas, No. 14-6009/MC

BAKER, Chief Judge (dissenting):

The jurisdictional question presented in this case is whether an order by a military judge curtailing the Government's case-in-chief, over objection, is subject to review under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012). Remarkably, the majority concludes that this Court lacks jurisdiction to hear such an interlocutory issue. It reaches this conclusion through reference to a number of points that have nothing to do with the jurisdictional question presented, namely,

> "Congress believed that the scheduling of trials should be left primarily to trial judges and reliance should be placed on their judgment." United States v. Vargas, __ M.J. __ (15) (C.A.A.F. 2014) (citation and internal quotation marks omitted).

> "Any limitation on the government's ability to present evidence was self-inflicted." Id. at __ (17-18).

> "Proper case management during a trial, necessary for the protection of an accused's due process rights and the effective administration of justice, is encompassed within that responsibility." Id. at __ (18).

> "Once the military judge denied the continuance, the normal course was for the trial to continue. At that point, however, since the government informed the military judge it had no further evidence or witnesses to introduce, the government's own inaction essentially 'rested' its case and the military judge's 'ruling' was nothing more than a recognition of that fact." Id. at __ (13).

These factors are relevant to whether or not the military judge may have abused her discretion, but they do not address whether there is jurisdiction under Article 62, UCMJ, to consider the

military judge's order resting the Government's case-in-chief.
Moreover, the majority conflates the military judge's denial of
a continuance with the military judge's order resting the
Government's case, and thus erroneously relies on United States
v. Browers, 20 M.J. 356 (C.M.A. 1985), a case involving the
denial of a continuance.  Browers is not "strikingly similar" to
this case, because it only addressed the military judge's denial
of a continuance, a matter which all judges agree generally
presents a case management issue.[1]  Vargas, __ M.J. at __ (14).

To repeat, the issue in this case is the military judge's
denial of the Government's motion to reconsider the military
judge's order resting its case-in-chief.

The sum total of the majority's analysis on this critical
jurisdictional question is that the Government somehow rested
its own case when the military judge denied its motion for a
continuance and the Government was not prepared to proceed.
However, the Government objected and affirmatively stated that

---

[1] I agree with the majority's premise that a military judge
should have the authority "to exercise effective case management
and control of the trial proceedings."  Vargas, __ M.J. at __
(18 n.9).  What I do not agree with is the majority's conclusion
that this Court does not have jurisdiction to review a military
judge's decision to sua sponte rest a party's case-in-chief,
over the party's objection, while evidence is still pending.
(In the present case, the witnesses were available to testify at
the time of the military judge's ruling.)  Moreover, I do not
share the majority's view that a military judge's case
management is beyond review as a matter of jurisdiction.  Thus,
the only thing being eviscerated here, is this Court's
jurisdiction to review the work of military judges.

it was not resting its case.  Most importantly, the military judge reopened the matter the following day after realizing on the first day that R.C.M. 908(b)(4) precluded any further sessions of the court-martial in light of trial counsel's declaration that he intended to appeal.  This effectively mooted the continuance issue since the proceedings would now be forced into the following day when, as it turns out, all the Government witnesses in issue would be in attendance.  In short, the Government did not rest its case.  Moreover, even if it could be argued that it had done so on day one, on day two the military judge reopened the matter and denied the motion to reconsider the ruling resting the Government's case.  And it is that order for which there is jurisdiction to appeal under Article 62, UCMJ.

The jurisdictional point is illustrated with reference to the following hypothetical:  What if a military judge orders the Government to rest before presenting any of its case-in-chief?  Would this Court really conclude that there is no jurisdiction to hear an appeal in such a case?  Would this Court really conclude that such an order did not "exclude[] evidence that is substantial proof of a fact material in the proceeding[?]" Article 62(a)(1)(B), UCMJ.  I do not think so, and neither did the military judge in this case.  In fact she seems to have understood that she was excluding evidence for the purposes of

3

Article 62, UCMJ, when denying the Government's motion for reconsideration, she stated: "[a]bsent appellate intervention, the government will not be allowed an opportunity to present additional evidence in their case-in-chief."

The CCA was correct on the jurisdictional issue. Therefore, finding jurisdiction, this Court should ask one question: did the military judge abuse her discretion when she rested the Government's case after it sought on the afternoon of day one an adjournment to the following day to accommodate the schedules of three witnesses in a case that was already scheduled for three days? At least two of these witnesses offered substantial proof of a material fact, the 911 operator and the emergency room doctor -- one who had taken the initial emergency call and the other who had administered medical treatment. One might argue that the testimony of the NCIS agent recalled from Afghanistan would not have provided evidence that was "substantial proof of a fact material to the proceeding[s]." However, such assessments in a criminal case are best left to the counsel trying the case, especially since Article 51(c)(4), UCMJ, 10 U.S.C. § 851(c)(4) (2012), expressly burdens the Government with proving the guilt of the accused beyond a reasonable doubt.

In considering whether the military judge abused her discretion in overruling the Government's objection to her order

resting the Government's case, the factors the majority cites are all relevant. However, it is also relevant that the military judge's order resting the Government's case-in-chief occurred the day after the Government's request for a continuance was denied. Thus, the trial continued until the next day at which point the military judge again rested the Government's case even though the witnesses in question were then available. This, to me, is the clearest factor that the military judge abused her discretion in this case.

As a result, I respectfully dissent.