

No. 15–0428/MC. U.S. v. Patrick Ezel. CCA 201400093. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to April 13, 2015.

Wednesday, March 25, 2015

No. 15–0291/NA. U.S. v. Kevin P. Shippee. CCA 860285. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Military Review, it is ordered that said petition is hereby dismissed.

No. 15–0289/AF. U.S. v. Roy A. Bowser. CCA 2014–08. On consideration of the certificate for review (74 M.J. 211 (C.A.A.F. 2015)), and the briefs of the parties and amicus curiae, we conclude that the military judge did not abuse his discretion in dismissing all charges and specifications with prejudice following the Government's refusal to comply with the military judge's order to produce trial counsel's witness interview notes for an in camera inspection. "[A] judge is ultimately responsible for the control of his or her court and the trial proceedings," and "[p]roper case management during a trial, necessary for the protection of an accused's due process rights and the effective administration of justice, is encompassed within that responsibility." *United States v. Vargas*, 74 M.J. 1, 8 (C.A.A.F. 2014). Because a judge has broad discretion and a range of choices in crafting a remedy to cure discovery violations and ensure a fair trial, this Court will not reverse so long as his or her decision remains within that range. *See United States v. Douglas*, 68 M.J. 349, 354 (C.A.A.F. 2010); *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004). In this case, the military judge's decision, as affirmed by the Court of Criminal Appeals, was within that range. Accordingly, it is ordered that the certified

questions are answered in the negative, and the decision of the United States Air Force Court of Criminal Appeals is affirmed.

No. 15–0377/NA.   U.S. v. Nestor L. Suazo–Lopez.   CCA 201300463.   On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> THE CONVENING AUTHORITY ISSUED AN INSTRUCTION THAT LIMITED COURT–MARTIAL MEMBERS NOMINATIONS TO PERSONNEL IN PAY–GRADES OF E–6 AND ABOVE. THE LOWER COURT ASSUMED THIS SYSTEMATIC EXCLUSION OF PERSONNEL WAS ERROR, BUT HARMLESS. SHOULD THIS COURT SET ASIDE APPELLANT'S CONVICTIONS PURSUANT TO *UNITED STATES v. KIRKLAND* DUE TO THE UNRESOLVED APPEARANCE OF UNFAIRNESS?

No briefs will be filed under Rule 25.

No. 14–0010/AF. United States v. Rafael Verdejo–Ruiz.   CCA 37957.   On consideration of Appellant's motion to attach documents and motion for leave to file an additional supplement to the petition pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), it is ordered that said motions are hereby denied.

No. 15–0011/AF.   United States v. Joshua K. Plant.   CCA 38274.   On consideration of the motions filed by Scott C. Idleman, Esq., Marquette University Law School, to allow the appearance of a law student, to appear as Amicus Curiae, and to submit oral argument, it is ordered that said motions are hereby granted.   Amicus Curiae will be allotted 10 minutes to present oral argument.

No. 15–0260/AF.   U.S. v. Andrew P. Witt.   CCA 36785.   Appellant's second motion to extend time to file a brief is hereby granted to April 24, 2015.

No. 15–0268/AF.   U.S. v. Robert A. Hudson.   CCA S32167.   Appellant's motion to supplement the record is denied.

Thursday, March 26, 2015