*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

**UNITED STATES**
Appellant

**v.**

**Erik P. JACOBSEN, Sergeant First Class**
United States Army, Appellee

**No. 17-0408**
Crim. App. No. 20160768

Argued October 10, 2017—Decided December 11, 2017

Military Judge: Joseph A. Keeler

For Appellant: *Captain Catherine M. Parnell* (argued); *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III*, and *Captain Samuel E. Landes* (on brief).

For Appellee: *Captain Cody Cheek* (argued); *Colonel Mary J. Bradley, Lieutenant Colonel Christopher D. Carrier*, and *Captain Ryan T. Yoder* (on brief).

Amicus Curiae for the Air Force Appellate Government Division: *Colonel Katherine E. Oler* and *Major Mary Ellen Payne* (on brief).

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges OHLSON and SPARKS, joined. Senior Judge COX filed a separate dissenting opinion.

———————————

Judge RYAN delivered the opinion of the Court.

Appellee is charged with one specification of rape and one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). At trial, the military judge denied the Government's request to have United States Army Criminal Investigations Command Special Agent Reed Van Wagoner testify as a rebuttal witness and later affirmed this ruling on reconsideration.

On December 20, 2016, the Government filed an interlocutory appeal contesting the military judge's ruling pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2012). The Gov-

ernment certified that the military judge's ruling excluded evidence that was substantial proof of a fact material in the proceeding.[1] On February 6, 2017, the ACCA concluded that the "military judge did not issue [a]n order or ruling which excludes evidence that is *substantial* proof of a fact *material* in the proceeding." *United States v. Jacobsen* (*Jacobsen I*), No. ARMY MISC 20160768, slip op. at 1 (A. Ct. Crim. App. Feb. 6, 2017) (order) (alteration in original) (internal quotation marks omitted) (citation omitted), and dismissed the appeal for lack of jurisdiction without reaching the merits of the appeal. *Id.* slip op. at 2. On March 16, 2017, the ACCA reaffirmed its dismissal on reconsideration. *United States v. Jacobsen* (*Jacobsen II*), No. ARMY MISC 20160768, slip op. at 3 (A. Ct. Crim. App. Mar. 16, 2017) (order).

The Judge Advocate General of the Army then certified the following issue, pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2012):

> Whether trial counsel's certification that evidence is "substantial proof of a fact material in the proceeding" is conclusive for purposes of establishing appellate jurisdiction under Article 62(a)(1)(B), Uniform Code of Military Justice.

Our Court ordered a stay of the pending court-martial proceedings awaiting this Court's disposition of the certificate for review. *See* R.C.M. 908(c)(3).

We answer the discrete certified issue in the negative and affirm the decision of the ACCA.[2]

## I.

Government appeals in criminal cases are disfavored and may only be brought pursuant to statutory authorization. *See United States v. Wilson*, 420 U.S. 332, 336 (1975); *Will v.*

---

[1] The Government appeal under Article 62, UCMJ, automatically stayed the proceedings before the court-martial pending disposition by the United States Army Court of Criminal Appeals (ACCA). *See* Rule for Courts-Martial (R.C.M.) 908(b)(4).

[2] While the dissent focuses much attention on our failure to address the question whether the evidence excluded *was* "substantial proof of a fact material in the proceeding" that issue was not certified and is simply not before us.

*United States*, 389 U.S. 90, 96 (1967). We review any such authorization against the edict that military courts, as Article I courts, are courts of special jurisdiction and their authority is conferred by statute. *Center for Constitutional Rights v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013) ("[T]his Court. . .must exercise [its] jurisdiction in strict compliance with authorizing statutes."); *see also United States v. Denedo*, 556 U.S. 904, 912 (2009) (recognizing that the rule that Congress defines the subject-matter jurisdiction of federal courts "applies with added force to Article I tribunals").

In this case the authority to review a government appeal is provided by Article 62, UCMJ, which represents Congress's view that particular decisions made by a military judge permit an interlocutory government appeal. *United States v. Wuterich*, 67 M.J. 63, 70–71 (C.A.A.F. 2008).

Article 62(a)(1)(B), UCMJ, authorizes the government to appeal, inter alia, "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding." In order to effectuate an interlocutory appeal under this section, the government trial counsel must both submit written notice of appeal to the military judge within seventy-two hours of the military judge's ruling, and include a certification that the appeal is not taken for purpose of delay, and, as relevant here, that the evidence excluded is "substantial proof of a fact material in the proceeding." Article 62(a)(2), UCMJ.[3] The interlocutory appeal is then for-

---

[3] Irrespective of whatever rules and regulations may provide additional layers of caution upon its exercise, Article 62, UCMJ, itself provides that *trial counsel* for the government may file an interlocutory appeal, in contradistinction to the federal statute, which requires certification by a presidentially nominated, senate-confirmed U.S. attorney. *Compare* Article 62(a), UCMJ, *with* 18 U.S.C. § 3731 (2012); *cf. United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001) (recognizing that since the U.S. attorney certifies an interlocutory appeal under 18 U.S.C. § 3731 and "the Solicitor General must in any event approve federal government appeals, there is no significant danger that the appeal will be frivolous, warranting dismissal rather than disposition on the merits").

warded to the Court of Criminal Appeals. Article 62(b), UCMJ.

## II.

The discrete legal issue before this Court is whether compliance with the certification requirements of Article 62(a)(2), UCMJ, conclusively establishes that excluded evidence "is substantial proof of a fact material in the proceeding" for purposes of establishing appellate jurisdiction, so that the ACCA erred in not reaching the substance of the appeal. Article 62(a)(1)(B), UCMJ. The Government argues that it does. We disagree, for essentially the same reasons set forth by the ACCA. *Jacobsen II*, No. ARMY MISC 20160768, slip op. at 1–3; *Jacobsen I*, No. ARMY MISC 20160768, slip op. at 1–2.

This Court reviews issues of statutory interpretation and jurisdiction de novo. *United States v. Vargas*, 74 M.J. 1, 5 (C.A.A.F. 2014). We look first to the text of the statute. *United States v. Tucker*, 76 M.J. 257, 258 (C.A.A.F. 2017); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." (internal quotation marks omitted) (citation omitted)). When statutory language is unambiguous, the statute's plain language will control.[4] *United States v. Schell*, 72 M.J. 339, 343 (C.A.A.F. 2013).

The ACCA properly recognized that "the plain language of Article 62(a)(1), UCMJ, confers appellate jurisdiction for orders or rulings that *actually meet specified criteria*." *Jacobsen I*, No. ARMY MISC 20160768, slip op. at 1 (emphasis added). We agree. The language of Article 62, UCMJ, is not ambiguous, it provides that the government may appeal certain kinds of rulings by a military judge. Article 62(a)(1)(A)–(F), UCMJ. Given the limits on government appeals specifi-

---

[4] In any event, the same Senate report relied upon by the Government to support its position that certification is conclusive as to jurisdiction also states that "[t]he determination as to whether the appeal meets the criteria of Article 62, as proposed, will be subject to review by appellate authorities." S. Rep. No. 98-53, at 23 (1983).

cally, *Wilson*, 420 U.S. at 336, and Article I courts generally, *Wuterich*, 67 M.J. at 70, an appeal must actually fall within the strictures of Article 62(a)(1)(A)-(F), UCMJ, to create appellate jurisdiction.

As relevant to the instant case, Article 62(a)(1)(B), UCMJ, requires that the military judge's ruling (1) excludes evidence, and (2) that excluded evidence is "substantial proof of a fact material in the proceeding." The ACCA held that it did not have jurisdiction to consider the substance of the interlocutory government appeal because the "military judge did not issue [a]n order or ruling which excludes evidence that is *substantial* proof of a fact *material* in the proceeding." *Jacobsen I*, No. ARMY MISC 20160768, slip op. at 1 (alteration in original) (internal quotation marks omitted) (citation omitted). The certified issue before us is narrowly delimited, and our review is too: as a matter of law we are convinced that the ACCA had to satisfy itself that it had appellate jurisdiction before proceeding to review the merits of the appeal. *See United States v. Bradford*, 68 M.J. 371, 373 (C.A.A.F. 2010). Once the ACCA concluded that the military judge's ruling did not exclude evidence that was "substantial proof of a fact material in the proceeding," the ACCA correctly reasoned that the appeal did not meet the criteria of Article 62, UCMJ, and dismissed it for lack of jurisdiction.

III.

The Government argues that the ACCA could not itself assess whether it has jurisdiction, but rather that certification is not only sufficient but conclusive. We disagree. First, there is a presumption against federal subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994). Jurisdiction is neither "granted nor assumed by implication." *Loving v. United States*, 62 M.J. 235, 244 n.60 (C.A.A.F. 2005) (internal quotation marks omitted) (citation omitted). Accordingly, a court must always satisfy itself that it has jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."). This is certainly true of this Court and the Courts of Criminal Appeals, whose power to act is conferred and strictly confined by statute. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012); Arti-

cle 67(c), UCMJ; *see Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999) (recognizing that this Court's "independent statutory jurisdiction is narrowly circumscribed" by statute); *see also Center for Constitutional Rights*, 72 M.J. at 128 ("Although Congress has authorized the [Courts of Criminal Appeals] a somewhat broader scope of review, it has similarly limited their jurisdiction.").

Second, related precedent illustrates that we have in fact consistently reviewed whether a military judge's ruling satisfies the criteria of Article 62, UCMJ. The pertinent Article 62, UCMJ, criterion here is "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in a proceeding." Article 62(a)(1)(B), UCMJ. The plain language requires that the military judge's ruling was (1) a ruling excluding evidence, *and* (2) the evidence excluded must be substantial proof of a fact material in the proceeding. It is a fundamental rule of statutory interpretation that we afford both parts of a statute the same construction. *See, e.g.*, *Mastro Plastics Corp. v. NLRB*, 350 U.S. 270, 298 (1956) ("[E]very part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each." (internal quotation marks omitted) (citation omitted)); *see also United States v. Johnson*, 3 M.J. 361, 362 (C.M.A. 1977) ("In examination of an enactment of Congress, the act should not be dissected, and its various phrases considered *in vacuo*."); *see generally* 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46.5 (7th ed. 2007).

We, and the Courts of Criminal Appeals, have considered the sufficiency of one prong — the question whether a military judge's trial ruling was a ruling that "exclude[d] evidence" as a threshold requirement to vest a Court of Criminal Appeals with jurisdiction under Article 62, UCMJ, on more than one occasion. *Vargas*, 74 M.J. at 6–8 (dismissing government's interlocutory appeal for lack of jurisdiction because a military judge's rulings on a continuance request and resting of the government's case did not constitute the exclusion of evidence under Article 62, UCMJ); *Wuterich*, 67 M.J. at 76–77 (holding that the military judge's decision to quash a subpoena was one that excluded evidence and thus appealable under Article 62, UCMJ); *Bradford*, 68 M.J. at

373 (dismissing government's interlocutory appeal for lack of jurisdiction because the military judge's decision to not "preadmit" the document did not constitute an exclusion of evidence under Article 62, UCMJ); *United States v. Browers*, 20 M.J. 356, 359–60 (C.M.A. 1985) (dismissing government's interlocutory appeal for lack of jurisdiction because the military judge's denial of a request for a continuance does not constitute an exclusion of evidence under Article 62, UCMJ).

This Court has not previously addressed the question whether the language in Article 62(a)(1)(B)'s second prong — the evidence excluded by a military judge's trial ruling was evidence that is *substantial* proof of a fact *material* in the proceeding — is also a threshold jurisdictional requirement for an interlocutory government appeal. We conclude that this prong too is jurisdictional because the subsection imposes two requirements, there is no reason to treat the two criteria differently, and the decisions by this Court in *Vargas*, *Wuterich*, *Bradford*, and *Browers* make clear they are jurisdictional in nature. While the government in each case certified that the military judge's ruling excluded evidence that was substantial proof of a fact material in the proceeding, in each instance this Court looked beyond the certification to determine whether appellate jurisdiction existed.

IV.

The Government nonetheless contends that since certifications made by a U.S. attorney conclusively establish jurisdiction under 18 U.S.C. § 3731, so too must certifications made by the government under Article 62, UCMJ. While instructive in some respects, 18 U.S.C. § 3731, and cases interpreting it do not compel the result the Government seeks.

Congress authorized federal civilian government appeals in criminal cases under 18 U.S.C. § 3731 before it authorized them in the military, and modeled Article 62, UCMJ, in large part, after 18 U.S.C. § 3731. *See Wuterich*, 67 M.J. at 71. Consequently, it is proper for this Court to look to cases interpreting it for guidance. *See Browers*, 20 M.J. at 359. However, the statutes are not identical, and this Court has recognized that guidance does not mean "binding precedent, in the interpretation of Article 62." *Wuterich,* 67 M.J. at 71.

There are important textual and structural differences between Article 62, UCMJ, and 18 U.S.C. § 3731, all of which compel the conclusion that under Article 62, UCMJ, certification is not conclusive on the question of appellate jurisdiction. First, unlike Article 62, UCMJ, 18 U.S.C. § 3731 states an appeal "shall lie" to a federal civilian court of appeals from a district court ruling suppressing or excluding evidence "if" the "United States Attorney certifies" that "the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." In determining whether the government may appeal a trial court judge's ruling, federal civilian courts have indeed interpreted whether that judge's ruling excluded evidence under 18 U.S.C. § 3731 just as this Court has in *Vargas*, *Wuterich*, *Bradford*, and *Browers*. *See, e.g., United States v. Watson*, 386 F.3d 304, 311 (1st Cir. 2004) (holding that the Court had no jurisdiction under 18 U.S.C. § 3731 to hear the government's appeal because the trial court did not make an evidentiary ruling); *see also Wuterich*, 67 M.J. at 75 (concluding that federal court decisions under 18 U.S.C. § 3731 are appropriate guidance for interpreting whether a ruling indeed excluded evidence). However, federal civilian courts need not also interpret whether the ruling excluded evidence that was *actually* substantial proof of a fact material to a proceeding. The requirements of lack of delay and materiality "share the common modifying phrase, 'if the United States [A]ttorney certifies to the district court'" and thus, "[t]he language of [18 U.S.C.] § 3731 implies that mere certification is required to demonstrate materiality." *United States v. Johnson*, 228 F.3d 920, 923–24 (8th Cir. 2000) (citation omitted). Therefore, it is evident from the "shall lie" language that a certification made by a U.S. attorney under 18 U.S.C. § 3731 conclusively establishes appellate jurisdiction. *See, e.g., United States v. Moskowitz*, 702 F.3d 731, 734 (2d Cir. 2012); *United States v. W.R. Grace*, 526 F.3d 499, 505–06 (9th Cir. 2008).

In contrast, Article 62, UCMJ, simply states that "the United States *may* appeal. . .[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding" and that an appeal shall be "forwarded" to the Court of Criminal Appeals. Article 62(a)(1)(B), (b),

UCMJ (emphasis added). Unlike 18 U.S.C. § 3731, there is no mention of jurisdiction whatsoever, though it is clear that where Congress intends to authorize conclusive jurisdiction through a statute, it is well able to do so. *Cf. Whitfield v. United States*, 543 U.S. 209, 216–17 (2005); *compare* 18 U.S.C. § 3731, *and* Article 67(a)(2), UCMJ (stating that this Court "shall review" certain cases), *with* Article 62(a), UCMJ.

Second, Article 62, UCMJ, and 18 U.S.C. § 3731 contain different temporal elements as well, which impacts the interplay between the right of the government to appeal, and the accused's right to a speedy trial. *Wuterich*, 67 M.J. at 71–72; *see also* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ."). Article 62, UCMJ, permits the government to bring an appeal even on issues raised and decided by the military judge while a court-martial is in progress. In contrast, 18 U.S.C. § 3731 prohibits the government from bringing an interlocutory appeal once jeopardy has attached, which essentially requires all government appeals to be taken well prior to the trial itself. *Centracchio*, 236 F.3d at 813 (recognizing that, under 18 U.S.C. § 3731, jeopardy attaches when the jury is sworn in a jury trial).

Lastly, unlike Article 62, UCMJ, 18 U.S.C. § 3731 contains a liberal construction clause: "[t]he provisions of this section shall be liberally construed to effectuate its purposes." This clause broadens the government's right to appeal under 18 U.S.C. § 3731. *See, e.g., Moskowitz*, 702 F.3d at 734. Since Article 62, UCMJ, contains no such mandate, liberal construction is not warranted.[5] *Vargas*, 74 M.J. at 7 n.7. And, even if it was, the jurisdictional threshold would still need to be satisfied.

---

[5] In the National Defense Authorization Act for Fiscal Year 2017, Congress added a liberal construction clause to Article 62, UCMJ, identical to 18 U.S.C. § 3731. Pub. L. No. 114-328, § 5326, 130 Stat. 2000, 2929 (2016). However, this amendment is not yet in effect and will not apply to cases in which charges were already referred to trial on the effective date. *Id*. at § 5542(a), 130 Stat. at 2967 ("the amendments . . . shall take effect . . . not later than the first day of the first calendar month that begins two years after the date of the enactment of this Act").

We conclude that the Government's contention that mere certification conclusively establishes appellate jurisdiction conflicts with the language and structure of Article 62, UCMJ, and this Court's precedent. Therefore, we answer the certified question in the negative.

V.

The decision of the United States Army Court of Criminal Appeals is affirmed. The stay of proceedings issued by this Court on June 5, 2017, is hereby lifted. The case is returned to the Judge Advocate General of the Army for return to the military judge for further proceedings consistent with this opinion.

Senior Judge COX, dissenting.

I respectfully dissent, although I am unhappy with the use of the word "conclusive" in the certified issue as this term is more often used describing presumptions. I believe the real question is not one of jurisdiction but of appealability. If the government does certify that a "substantial proof of a fact material in the proceeding" has been excluded by an evidentiary ruling of the military judge, then by the very language of Article 62, UCMJ, 10 U.S.C. § 862 (2012), the matter is appealable to the court with jurisdiction to hear that appeal. To me that is simply a commonsense reading of the law. The focus of the litigation should be on the military judge's ruling not how trial counsel characterizes the ruling.

I would propose a very simple analysis. First, does the military judge's ruling exclude evidence? If the answer is yes, the second question is what kind of evidence? Is the evidence of a material fact? In this case the material fact is whether the accused committed the acts he is charged with having committed.

Next question, what is the substantial proof of those facts? The answer is obvious, the complainant's testimony. The military judge excluded evidence which goes to the believability of the complainant's testimony.

To me that is simply a commonsense reading of the law. The focus of the litigation should be on the military judge's ruling and not how trial counsel characterizes the ruling.

As the majority opinion points out:

> This Court has not previously addressed the question whether the language in Article 62(a)(1)(B)'s second prong — the evidence excluded by a military judge's trial ruling was evidence that is *substantial* proof of a fact *material* in the proceeding — is also a threshold jurisdictional requirement for an interlocutory government appeal. We conclude that this prong too is jurisdictional because the subsection imposes two requirements, there is no reason to treat the two criteria differently, and the decisions by this Court in *Vargas*, *Wuterich*, *Bradford*, and *Browers* make clear they are jurisdictional in nature.

*United States v. Jacobsen*, __ M.J. __, __ (7) (C.A.A.F. 2017). I respectfully disagree.

I see a large difference between deciding if it is an evidentiary ruling vis-à-vis other types of rulings made during a trial such as seating a particular court member, setting the time for the trial to commence, granting of continuances, etc. While the government contended in *Vargas*, *Bradford* and *Browers*, that the military judges' rulings substantially impacted their case, none involved rulings on evidence as required by the plain language of Article 62, UCMJ. *United States v. Vargas*, 74 M.J. 1 (C.A.A.F. 2014); *United States v. Bradford*, 68 M.J. 371 (C.A.A.F. 2010); *United States v. Browers*, 20 M.J. 356 (C.M.A. 1985). This case clearly involves a military judge's ruling that excluded evidence. *United States v. Wuterich*, 67 M.J. 63, 73–75 (C.A.A.F. 2008). To me, that satisfied the statutory language in Article 62, UCMJ, that opened the door to an appeal. The United States Army Court of Criminal Appeals possessed subject-matter jurisdiction over the Government's appeal.

Our Court may have been careless with the use of the word "jurisdiction." Indeed, even the majority opinion describes the requirements of Article 62, UCMJ, as "jurisdictional in nature." __ M.J. at __ (7).[1] A careful reading of these cases, however, makes it clear to me that what we were talking about is the fact that these types of issues are not within the subject-matter jurisdiction of Article 62, UCMJ. Denying a continuance is not a ruling excluding evidence. *Vargas*, 74 M.J. at 6–7; *Browers*, 20 M.J. at 359–60.

Lastly, in determining the question of jurisdiction, appellate defense counsel have not persuaded me that Article 62, UCMJ, certifications made by trial counsel should be construed more narrowly than certifications made by a U.S. attorney under 18 U.S.C. § 3731. Admittedly there are differences in the statutes.

> However, the practical effect of the underlined language in both statutes is the same, *i.e.*, avoid-

---

[1] The term "jurisdictional in nature" is an interesting concept. I would certainly construe our cases as referring to subject-matter jurisdiction.

> ance of technical barriers to government appeals.
> Moreover, Congress clearly intended that the military statute be interpreted and applied as the federal statute, except where the particulars of military practice dictate a different approach. *United States v. Browers*, 20 M.J. 356 (C.M.A. 1985). *See* S. Rep. No. 53, 98th Cong., 1st Sess. 23 (1983); *see also* H. Rep. No. 549, 98th Cong., 1st Sess. 19, reprinted in 1983 U.S. Code Cong. & Admin. News 2177, 2184–85.

*United States v. True*, 28 M.J. 1, 3 (C.M.A. 1989).

I see no reason in military practice for an application of Article 62, UCMJ, that second guesses the trial counsel's certification as to the impact that excluding evidence has upon its ability to successfully try its case. Once the trial counsel signs the certification required by Article 62(a), UCMJ, the subject-matter jurisdictional question is satisfied.

I recognize the majority view will likely change the rules for Article 62, UCMJ, appeals. The initial focus will not be on whether the ruling excludes evidence, nor will it be on whether the military judge got it right, but rather is the evidence substantial proof of a material fact. Application of the majority view will be interesting. Granted there may be a fuzzy line between substantial and insubstantial and material and immaterial, thus the certification need not be regarded as a final and conclusive determination of the question of whether the evidence excluded was indeed substantial proof of a material fact. In any event, before an appeals court dismisses the appeal, it should give the government the opportunity to be heard on the question. It is ironic that the appeal would focus on the question of whether the matter was substantial proof of a material fact rather than whether the military judge got the ruling right. If it is not substantial proof, the Court of Criminal Appeals should say so and why it believes that to be the case and dismiss the appeal not because it lacks jurisdiction but because the ruling is simply not worthy of its consideration. Thus, one might say that it is "jurisdictional in nature."

Of course, this raises a myriad of interesting questions. For example, how does the court define the term "substan-

tial proof"? If it is substantial, then how does the court define the term "material"? If the Court of Criminal Appeals finds that the issue is not substantial proof of a material fact, is that ruling appealable to this Court? What is our standard of review? Is the question of whether a proof is substantial a question of law or one of fact? My admonition to our lower courts is just decide the question presented and move on. If you find the appeal to be frivolous, say so and dismiss it as being a frivolous appeal. Let the chips fall where they may.

The Court of Criminal Appeals possesses an important responsibility to decide whether in this particular case, the testimony of Special Agent Van Wagoner regarding the alleged victim's prior statements was admissible or inadmissible. The military judge ruled that such testimony was inadmissible under Military Rule of Evidence 801(d)(1)(B).[2] From my reading of the record before us, I have no clue whether this evidence was substantial and did indeed materially affect the Government's case. However, as a former trial lawyer I can envision why in this type of case upholding the credibility of the victim who was going to be challenged by her prior inconsistent statements was critical to establishing the Government's case beyond a reasonable doubt. If, however, this was insignificant or trivial evidence, or as I said in *Browers*, a mere weakening of the Government's case, then the Government's appeal of that ruling was an unfortunate exercise of prosecutorial discretion. *Browers*, 20 M.J. at 360 (Cox, J., concurring). And counsel have important ethical responsibilities not to bring frivolous and trivial matters to the court. Dep't of the Army, Reg. 27-26, Legal Services, Rules of Professional Conduct for Lawyers Rule 3.1 (May 1, 1992). As I have said previously:

> The Government should use Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, sparingly; *i.e.*, only when reasonable men do not differ that the pretrial ruling either ends the proceedings prior

---

[2] As a trial judge and appellate judge, I have often commented that the practice of ruling on this type of trial evidence in limine is not necessarily a good practice as the dynamics of the trial ebb and flow. It is a good practice to defer such trial evidentiary rulings.

to jeopardy having attached, or suppresses or excludes evidence that is necessary to prove an essential element of the offense. A mere weakening of the Government's case is not sufficient.

*Browers*, 20 M.J. at 360 (Cox, J., concurring).